No. 2319.

|   |   |
|---|---|
| 69 | 139 |
| 85 | 607 |

JAMES P. THOMPSON & F. E. THOMPSON v. F. E. GRIFFIN.

1. NECESSARY PARTIES.—All parties having an interest in land on which the foreclosure of a vendor's lien is sought, are necessary parties.

2. PLEADING—PRACTICE.—When it is apparent from an inspection of the record that no injury has resulted from the final judgment in a cause from the action of the court in overruling a plea in abatement setting up a misjoinder of parties or of causes of action, the action of the court on the plea becomes immaterial and can afford no ground for reversal.

3. PLEADING—RES ADJUDICATA—In a suit on a promisory note res adjudicata was pleaded to defendant's plea of payment in which it was set forth that the same charges and items of payment made in produce, pleaded in the pending suit, were set up in another suit upon other notes also payable in produce given for the purchase of the land, and that those items of payment were considered, settled, paid off, and discharged by the judgment rendered in that cause; *held,* that to render the plea of res adjudicata good, it was necessary that it should have negatived the idea that the note in suit was taken in consideration in the former action in determining how much of the produce paid was to be applied to and the liquidation of the notes sued on in that action.

4. JUDGMENT—RES ADJUDICATA.—A judgment which is competent to establish a plea of res adjudicata can not be defeated when relied on for that purpose by a writ of error prosecuted for its review.

APPEAL from Cherokee. Tried below before the Hon. James I. Perkins.

Suit by F. E. Griffin against the appellants upon a promissory note signed by F. E. Thompson, purporting to be given to John R. Bugg for a second payment due upon a tract of land sold to the maker of the note by Willis Bugg. The petition charges that John R. and Willis Bugg sold four hundred and thirty-five and six-tenths acres of land to James P. & F. E. Thompson, and made conveyance to the former of two hundred and eighty-five and six-tenths acres, and to the latter of one hundred and fifty acres.

It was alleged that this was all one transaction; and whilst each vendee received a conveyance to a separate tract of land as above stated, yet James P. Thompson signed some of the notes described in the deed to F. E. Thompson, and the latter signed some of the notes described in the deed to James P. Thompson, and that each and every one of the notes were secured by a vendor's lien upon all the lands thus conveyed. The petition alleged that under the circumstances the plaintiff could not tell what part of the land was bound for either of the notes, but that this fact was within the knowledge of the defendants. That the note sued on was one of three given for the land; that the plaintiff was the legal holder of the same, and that the defendants were justly liable on the note. Prayer was made for judgment on the note, and a foreclosure of the vendor's lien upon the entire tract of land. It was further asked that, if this relief was denied him, and the defendants claimed that each of the sales was a separate contract, and each became liable to pay a certain price for a certain part of the lands, then that the said defendants be required to adjust their equities between themselves; that they be required to point out the particular part of said land for which the note sued on was given, and that plaintiff recover judgment against them, or either of them, as his equities demand, and for a foreclosure of the vendor's lien on that part of the land for which said note was given.

The defendants pleaded in abatement a misjoinder of causes of action and of parties. They also pleaded the general denial, and a special plea to this effect: That the title to the note was in the estate of W. F. Thompson, deceased, and plaintiff held it a collateral security for a debt against Thompson. He pleaded further to the effect that said deceased held this and other notes and claims against him, and there was an understanding between them that they were to make payments on the notes in cotton and other produce; and that all of the said

notes were paid off before maturity.  To this Griffin replied, among other things, that in a certain suit previously tried in the same court, wherein Tillie A. Thompson et al., were plaintiffs, and the said James P. & F. E. Thompson were defendants, the latter set up and pleaded the identical payments pleaded in this cause, against certain other notes therein sued · on, given for part.of the purchase price of the same lands for which the note in suit was given; and that they were considered, settled, paid off and discharged; and the plaintiffs recovered judgment in that suit for one cent and costs.  The plaintiffs in that suit were ·the surviving widow and children of W. F. Thompson.  To this plea of res adjudicata the plaintiffs demurred generally, and alleged the following special exceptions: 1. The plea failed to show that the subject matter and issues and parties in the two cases were the same.  2. That the issue in the two cases was material in the former.  3. That the plea did not show that the judgment in the former case was upon their merits.  4. It did not show the several matters of judgment and proof pleaded in that case.  The court overruled the demurrer to the petition and that to the plea of res adjudicata, and the trial upon the other issues made by the pleadings resulted in a judgment for the plaintiffs for two hundred and eighty-nine dollars, principal and interest, against F. E. Thompson and for costs against both defendants, and an order foreclosing their lien upon the one hundred and fifty acres of land deeded to said F. E. Thompson by John R. Bugg.  From this judgment the defendants appealed.

The cause of action was a promissory note and a vendor's lien to secure it, and this was not joined with any other.

*V. T. McChesney,* for appellants.

*Frank Templeton,* for appellee.

WILLIE, CHIEF JUSTICE.  It is assigned as error that the court erred in overruling the defendant's plea in abatement.  The suit was brought to subject to a vendor's lien a tract of land in which it was alleged both parties had an· interest.  In such a suit both the defendants were, of course, necessary parties, in order to bind their interests in the land by the judgment.  But it is unimportant whether there was a misjoinder of causes of action or of parties in view of the final disposition made of the

case below. The plaintiff did not recover against any one upon the note except the defendant who executed it, and did not subject to the vendor's lien any other portion of the land except that which was conveyed to this particular defendant. In the absence of a statement of facts we must presume that the proof corresponded with the judgment, that is, that it was shown that the appellant, F. E. Thompson, gave the note for the tract of land subject to the vendor's lien. No injury therefore resulted from overruling the demurrer, and it is not important whether it was well taken or not.

The next assignment of error is to the action of the court in overruling the demurrer to plaintiff's reply of res adjudicata to the defendant's plea of payment. It is true that the plaintiff alleges in his reply that the same charges and items pleaded in this action were set up in another suit upon other notes given for the purchase of the lands mentioned in the petition, and that these charges and items were considered, settled, paid off and discharged by the judgment in that case. This may be true and yet the plaintiff not entitled to recover in this action. The plea alleged that the produce delivered was to be credited as well upon the note here sued on as upon the notes which were the basis of the other action. If so, it was perfectly competent in that action to show that the produce had satisfied the note here sued on as well as those claimed in that case to have been paid; and the presumption was that such proof was made, that being the state of the case made by the facts set forth in the defendant's present plea of payment, and the plaintiffs in that case having recovered no more than a nominal judgment.

To have made the plea of res adjudicata good, it was necessary to negative the idea that the present note was taken into consideration in that case in determining how much of the produce was to be applied towards the payment of the notes there in suit. It would certainly be unjust to the defendants to reduce the amount of their payment in the former case, because a portion of the produce had been applied to the present note, and then to allow a recovery against them of the full amount of that note in this suit. This would be the effect of holding that the reply of the plaintiff was a good plea of res adjudicata to the answer of the defendants. We think the demurrer should have been sustained. As the case will be remanded for a new trial it is proper to say that the writ of error bond so taken and made in the case of Tillie A. Johnson et al. v. J. P. & F. E. Johnson

were properly excluded on this trial, because an appeal in our State does not vacate the judgment below, but merely suspends its execution. Hence the judgment if competent to establish a plea of res adjudicata could not be defeated for that purpose by a writ of error presented for its review. (Freeman on Judgments, section 328.) For the errors pointed out the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered November 11, 1887.