**HUDMON v. FOSTER et al. (No. 215–3329.)**

(Commission of Appeals of Texas, Section A. June 1, 1921.)

1. Action ⟨key⟩48(1) — Rule against multifariousness not applied where the causes of action grow out of the same transaction.

The rule against multifariousness, the improper joining in one suit of distinct and independent matters, is to be construed with, and so as not to restrict, the policy of avoiding a multiplicity of suits; so that the matters relied on for recovery in the petition growing out of the same transactions, exceptions to the petition on the ground of multifariousness, should not be sustained, and plaintiff put to necessity of separate actions.

2. Appeal and error ⟨key⟩1040(3) — Erroneous sustaining of exceptions on ground of multifariousness not harmless.

The erroneous sustaining of exceptions to a petition on the ground of misjoinder of causes

of action, and requiring plaintiff to proceed on one only of them, is not harmless because he fails to recover on the cause tried, on the ground of insufficiency of the evidence.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by W. Earle Hudmon against W. M. Foster and another. Judgment for defendants was affirmed by the Court of Civil Appeals (210 S. W. 262), and plaintiff brings error. Reversed in part and remanded.

H. C. Lindsey, of Waco, for plaintiff in error.

Allan D. Sanford, of Waco, for defendants in error.

SPENCER, J. Plaintiff in error, W. Earle Hudmon, filed this suit on September 10, 1913, against Eugene Early, W. M. Foster, and H. H. Shear. On May 12, 1916, an amended original petition was filed in which H. H. Shear was excluded as a defendant.

The amended petition alleged in substance that plaintiff, being financially embarrassed and very much in need of money, applied to defendants for a loan to meet his pressing needs; that as a result of the application, he entered into a contract with defendants, the terms of which are: That defendants did not have the entire amount desired, but that they would endeavor to find some person who would advance a balance to make up a loan of $17,500; that as compensation for finding such person and securing the money, plaintiff should transfer and assign to them capital stock amounting to $5,000 of a corporation to be thereafter formed, with its domicile at Hamilton, Tex., for the purpose of manufacturing cotton seed products; that the loan should be evidenced by notes of Hudmon payable to the order of Early & Foster to be held by them for the benefit of the parties making the loan; that contemporaneously with the execution of the notes, and for the purpose of securing the notes, Hudmon should hypothecate and deposit with them certificates of stock in the corporation to the amount of $30,000, and should execute and deliver to defendants a contract providing and creating a lien upon the stock; that, on a failure to pay the notes or either of them when due, defendants should have authority to foreclose the lien upon giving ten days' written notice to Hudmon.

Plaintiff further alleged that the provisions in the contract requiring him to deliver the certificates of stock was merely a device by defendants to conceal the real intent of the transaction; that the transferring of the stock was interest on the loan; and that this amount, when added to the 10 per cent. interest specified in the notes, rendered the total rate of interest paid highly and grossly usurious; and that, if the $5,000 capital stock be considered payment for services, it was greatly and extravagantly disproportionate thereto, and for that reason extortionately usurious.

Plaintiff further alleged that defendants controlled shares of stock in the corporation amounting to $30,000, and that he owned the balance of $30,000 upon which defendants held the hypothecation contract; that, the mill proving unprofitable, it became necessary to sell, and they did sell, the same for $57,500, thereby sustaining a loss of $2,500; that the defendants refused to bear any part of the loss, but by threats to foreclose under the hypothecation contract compelled plaintiff to bear the whole loss, to his damage in the sum of $1,250.

He also charged that by threats to foreclose said lien, they refused to pay the proper authorities any part of the certain taxes—state, county, and municipal—due on the mill property for which they were equally liable, but, by force of such threats, compelled plaintiff to pay all the taxes amounting to $600, for which they and their interest in the property were equally bound.

Defendants answered by general demurrer, by special exception directed at the petition on account of the alleged misjoinder of causes of action, and by general denial. The court sustained the special exception as to the misjoinder of causes of action and ordered a dismissal of the petition unless the plaintiff amended his petition.

Plaintiff elected to proceed upon the actions for usury, as indicated by his second amended petition filed May 19, 1917.

Upon a trial of this issue, before the court, without a jury, judgment was rendered in favor of defendants. Upon appeal and original hearing the Court of Civil Appeals upheld the action of the trial court in sustaining the exception, as to the misjoinder of causes of action, and reversed and remanded the judgment on the usury question on account of the insufficiency of the evidence. Upon motion for rehearing, the trial court judgment was in all things affirmed. 210 S. W. 262.

The honorable Court of Civil Appeals was of opinion that the question of multifariousness was a matter largely within the discretion of the trial court, and that as no injury to plaintiff had been shown because of the sustaining of the exceptions, the judgment should not be disturbed.

[1] Misjoinder of causes of action, or multifariousness, has been thus defined:

"Multifariousness in equity pleading is the improperly joining in one bill distinct and independent matters and thereby confounding them; as for example the uniting in one bill of several matters perfectly distinct and unconnected against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill." Whart. Law Dic.; National Bank v. Texas Investment Co., 74 Tex. 433, 12 S. W. 101.

The Supreme Court declared at a very early date that—

"A leading principle in our law and system of procedure is to avoid a multiplicity of suits, and to settle in one action the respective claims of parties when they are of such a nature as to admit of adjustment in that mode." Thomas v. Hill, Admr., 3 Tex. 270; Fitzhugh v. Orton, 12 Tex. 4.

The rule against multifariousness should not be construed to restrict the policy of our law which enjoins the avoidance of a multiplicity of suits, but should be construed with reference to it; so that, without conflict, each may perform its office within its respective sphere. In filing suits, parties plaintiff are as much entitled to invoke the one as they are compelled to obey the other.

The discretion, with reference to joinder of causes of action, reposed in the trial court, must be exercised consistent with the rule which enjoins the multiplicity of suits, and if the matters relied upon for recovery in the petition grow out of the same cause or transaction and subject-matter of dispute, the petition is not subject to exceptions as multifarious. Walcott v. Hendrick, 6 Tex. 415; Railway Co. v. Graves, 50 Tex. 181.

In our opinion, the court was not warranted in sustaining the exceptions on the ground that the petition was multifarious. The matters relied upon for recovery grew out of the same transaction, and therefore plaintiff should not be put to the necessity of bringing four separate suits instead of one. Wills Point Bank v. Bates, Reed & Cooley, 76 Tex. 329, 13 S. W. 309.

[2] Defendants insist that, as the Court of Civil Appeals found that no injury had resulted to plaintiff, the cause should not be reversed. We recognize the rule that a misjoinder of causes of action will not require a reversal of a judgment if the erroneous action of the court in allowing such misjoinder resulted in no injury to the defendant (Thompson v. Griffin, 69 Tex. 139, 6 S. W. 410; Railway Co. v. Watkins, 88 Tex. 20, 29 S. W. 232), but this rule has no application where, as in this case, exceptions to the petition were sustained upon the ground of misjoinder of causes of action when in fact there was no misjoinder.

The Court of Civil Appeals having affirmed the judgment of the trial court upon the questions of usury, based upon the sufficiency of the evidence, the judgments in that respect should be affirmed; but for the error committed in sustaining the exceptions on account of the misjoinder of causes of action, we recommend that the judgments of the Court of Civil Appeals and of the district court be reversed, and the causes remanded to the district court for trial of the excluded causes.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.