## SOUTHERN CASUALTY CO. v. FREEMAN.
### (No. 1118—5379.)

Commission of Appeals of Texas, Section B.
Feb. 19, 1930.

Horace C. Bishop, J. T. Suggs, Jr., and Bartlett, Brown & Thornton, all of Dallas, for plaintiff in error.

Wood & Wood, of Granger, and King & York, of Austin, for defendant in error.

RYAN, J. L. Freeman, employed as a ginner by Eugene Fowler, brought this suit in the district court of Bell county against the Southern Casualty Company to set aside the action of the Industrial Accident Board declining to award Freeman compensation for injuries received while in such employ; Fowler having held a policy of insurance written by the Casualty Company, under the Workmen's Compensation Law (Rev. St. 1925, arts. 8306–8309).

Freeman sought recovery against Fowler, who also was made a party defendant, alleging in the alternative that, if mistaken as to his rights and remedies against the Casualty Company under the Workmen's Compensation Law, and if the court should hold as a matter of law that such injuries are not compensable under the provisions thereof, then said Fowler is liable as at common law for negligence in failing to furnish a reasonably safe place and reasonably safe tools and appliances to work in and with.

Prayer was to set aside the Industrial Accident Board's decision and for compensation against the Casualty Company at the rate of $18 per week for 401 weeks, beginning on September 30, 1926, date of inju-

ries, with 6 per cent. per annum interest on all installments from their respective maturity dates, that same be paid in a lump sum after allowing a discount of 6 per cent. in computing the present worth of the unmatured weekly installments of compensation, out of which the attorneys for plaintiff be allowed one-third of such recoveries; and, in the alternative, for damages in the sum of $15,000 against Eugene Fowler.

A jury was impaneled, and three special issues submitted to them by the trial judge, viz.:

(1) "Do you find from a preponderance of the testimony that the injury sustained by the plaintiff, L. Freeman, on September 30, 1926, resulted in his total incapacity?"

(2) "Do you find from a preponderance of the testimony that the incapacity sustained by the plaintiff, L. Freeman, will be permanent?

(3) "What do you find from a preponderance of the testimony was the average daily wage which was earned by an employee of the same class as L. Freeman, working substantially the whole of the immediate preceding year in the same or a neighboring place as that which the said L. Freeman was working at the time of his injury? You will answer this by stating the amount per day in dollars and cents."

The jury answered "Yes" to the first two questions, and "$4.00" to the third question, and judgment was rendered thereon and on certain facts found by the court to have been established by the undisputed evidence, in favor of Freeman against the Southern Casualty Company in the lump sum of $4,843.89, arrived at on the basis of Freeman being entitled to compensation at the rate of $13.84 per week for 401 weeks from the date of injury, with interest, after discounting the same at the rate of 6% to ascertain the present value of the weekly installments maturing after the date of judgment. Judgment was also rendered dismissing without prejudice the common-law action pleaded in the alternative by Freeman against Fowler.

This judgment was affirmed by the Court of Civil Appeals, and, writ of error having been granted, the cause is now before us on certain assignments of error, viz.:

(1) That Fowler was improperly joined as a defendant.

(2) That neither the Ætna Casualty Company nor Laughlin, its agent at Bartlett, and through whom the defendant in error contracted with Fowler, were its agents for any purpose whatever, and therefore it was not bound by such contract.

(3) That no insurance was in force at the time Freeman received his injuries on September 30, 1926, nor until the policy was written, dated as of October 2, 1926, not-withstanding there was an agreement of present insurance made and entered into on September 28, 1926, between Laughlin on the one part, then purporting to act for the Southern Casualty Company, and Eugene Fowler, employer, on the other part, in which it was agreed that said Fowler should be insured under the Workmen's Compensation Law, effective immediately, in consideration of which said Fowler, at the same time, on September 28, 1926, paid the premium demanded, and which was turned over to the Southern Casualty Company, and has been retained by said company.

(4) As fundamental error, it is claimed that plaintiff's pleadings allege no basis upon which compensation can be awarded, and that certain issues not submitted to the jury should have been submitted.

### Opinion.

1. The first assignment is based on refusal of the trial court to sustain the company's plea of misjoinder of parties and causes of action.

The record shows that the company denied that any insurance was in force when Freeman was injured, and he joined Fowler as a party defendant, pleading in the alternative against him for damages as at common law, only in case recovery could not be had against the company because there was no insurance contract validly in force at the time of the injury. Plaintiff's pleading showed upon its face that his suit, both at common law against Fowler and under the Workmen's Compensation Law against the company, grew out of the same transaction, and the same injury, and, though the case against the company is on contract and that against Fowler in tort, it is permissible to join them in one suit, if in their main aspects the same evidence 'will solve questions of liability as to each or both. Blum Milling Co. v. Moore-Seaver Grain Co. (Tex. Com. App.) 277 S. W. 78; American Automobile Ins. Co. v. Struwe (Tex. Civ. App.) 218 S. W. 534; Sun Ins. Co. v. Beneke (Tex. Civ. App.) 53 S. W. 98; 1 Tex. Jurisprudence, § 37. However, the company cannot complain, because the trial court dismissed Fowler and assessed all costs of making him a party against Freeman. This cured the error, if any, in overruling these exceptions. Since the question of the company's liability was not submitted to the jury, it suffered nothing by reason of any allegations and proof touching Fowler's common-law liability. Lyons Hardware Co. v. Perry Stove Co., 88 Tex. 468, 27 S. W. 100; Thompson v. Griffin, 69 Tex. 139, 6 S. W. 410.

2. There was evidence to sustain the trial court's finding as a fact that the Southern Casualty Company, with knowledge of all the facts constituting said insurance

agreement made between Laughlin and Fowler, ratified it, accepted and retained the money paid to Laughlin by Fowler under said agreement, and adopted all the acts, representations, and conduct of said Laughlin in the making of said insurance contract; this finding was approved by the Court of Civil Appeals. As said by Presiding Judge Powell, of this Section of the Commission of Appeals: "Where the district court and the Court of Civil Appeals entertain the same view of conflicting testimony, and make the same finding of fact, their conclusion is binding upon this court, if there be any evidence in the record to sustain such finding." Texas Employers' Ins. Ass'n v. Moreno (Tex. Com. App.) 277 S. W. 84, 85.

3. The trial court found as a fact, based upon evidence, that the agreement for insurance, of date September 28, 1926, was partly oral and partly in writing, was between Laughlin and Fowler, and in pursuance thereof Fowler immediately, on that date, paid the required premium, which was paid to, accepted and retained by the Southern Casualty Company, and that said agreement and insurance should be effective from and after September 28, 1926. This finding is approved by the Court of Civil Appeals, and, under the authority of Texas Employers' Insurance Association v. Moreno, supra, is binding on this court. The injury occurred on September 30, 1926. The insurance was then in effect for the benefit of Fowler and his employees who became interested in and parties to the contract, and Freeman's rights to compensation thereunder which had already accrued could not be abrogated to his detriment.

4. In our opinion, plaintiff's pleadings did sufficiently allege the basis, and the record discloses no fundamental error.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.