**HARTFORD ACCIDENT & INDEMNITY CO. v. CHRISTENSEN et al.**

No. 12065.

Court of Civil Appeals of Texas. Galveston.

June 9, 1949.

Rehearing Denied Sept. 29, 1949.

46

R. E. Keeton, Houston (Baker, Botts, Andrews & Parish, Houston, of counsel), for appellant.

Combs & Dixie and Warner F. Brock, Houston, for O. L. Christensen.

Floyd Enlow and A. R. Rucks, Angleton, for Quinton Aaberg.

CODY, Justice.

On April 24, 1946, while working as a welder in Alvin, Texas, a piece of steel flew into plaintiff's right eye, resulting in the total loss of its use. On September 4, 1946, plaintiff brought a common law action to recover damages for the loss of the sight of his eye, alleging that its loss was proximately due to the negligence of his employers who, he alleged, were defendants Aaberg and Passmore. Said damage suit was numbered 30434 and on the docket of the district court of Brazoria County.

Thereafter plaintiff filed his claim for workmen's compensation benefits with the Industrial Accident Board, and on April 2, 1947, by way of appealing from an award of said board, plaintiff filed his suit in the district court of Brazoria County against defendant Hartford Accident and Indemnity Company, the file number of said compensation suit being No. 30670. In answering said compensation suit, defendant, Hartford, contended that the court was without jurisdiction, alleging in that connection that plaintiff had failed to file a timely appeal from the action of the Industrial Accident Board; further defendant urged that, by filing a suit for common law damages, plaintiff had elected not to sue for compensation benefits.

Thereafter, in response to plaintiff's motion so to do, and over the protest of defendants, the court consolidated causes Nos. 30434 and 30670. Thereafter plaintiff dismissed Passmore from his suit for common law damages.

On May 24, 1948, the court had a hearing without the assistance of a jury, on the issue of whether plaintiff was covered by the policy of workmen's compensation insurance which was issued by defendant Hartford on January 20, 1946, to defendant Aaberg. There the court found that plaintiff was covered by said policy of insurance so issued to defendant Aaberg, doing business as Aaberg Truck and Tractor Company. Both defendant Hartford and plaintiff excepted to such holding.

The consolidated causes were set down for trial to a jury on June 14, 1948. Prior to that date, plaintiff dismissed as to Passmore. On June 14, 1948, defendant Hartford filed a trial amendment alleging in substance: That at the time of the injury, plaintiff was not an employee of Aaberg, doing business as Aaberg Truck and Tractor Company, or otherwise, but was an employee of Passmore, an independent contractor. Alternatively, defendant Hartford further alleged that plaintiff was an employee of defendant Aaberg and Passmore as partners; that in the further alternative, plaintiff was the employee of defendant Aaberg and Passmore as joint enterprises. Defendant Hartford, as yet a further alternative, alleged that, if it should be found that plaintiff was an employee of defendant Aaberg, then, in such event, the Alvin welding shop was conducted by defendant Aaberg as a separate and distinct business from the remainder of his business enterprises, and that the Alvin welding shop was not covered by defendant Hartford's workmen's compensation insurance policy.

Upon the filing of aforesaid trial amendment, defendant Aaberg, whose sole plead defense up until that time was a general denial, amended his answer and additionally plead that it was his intention to fully cover with workmen's compensation insurance all of his employees at "Angleton and elsewhere in the State of Texas." Aaberg further plead that, if plaintiff was found to be his employee, he was covered by said policy of workmen's compensation insurance.

Based upon the jury's findings, and the stipulation of the parties, and the court's ruling at the hearing of May 14, 1948, the court rendered judgment that plaintiff recover $2,000.00 compensation benefits against defendant Hartford, and take nothing against defendant Aaberg. Both defendant Hartford and plaintiff have appealed.

Defendant Hartford predicates its appeal upon six points, which present in substance:

1. That contrary to the court's order of May 24, 1948, as modified on June 14, 1948, the policy of insurance did not cover the welding shop at Alvin.

2. That the compensation suit was not filed within 20 days after notice of dissatisfaction with the Industrial Accident Board decision appealed from.

3. That plaintiff is barred from recovering workmen's compensation benefits by his election to proceed with the common law suit for damages.

4. That the court erred in consolidating causes Nos. 30434 and 30670.

5. In the alternative, that the court erred in refusing to exclude defendant Aaberg from participation in the jury trial of June 14, 1948.

6. In the alternative, that the court had no jurisdiction because the order of March 13, of the Industrial Accident Board, purportedly appealed from, was an order of dismissal, and did not pass on the amount of compensation.

Plaintiff occupies the status of a cross-appellant to the court's judgment that the welding shop at Alvin was covered by workmen's compensation insurance, and here joins defendant Hartford in seeking to have the judgment that plaintiff recover nothing against defendant Aaberg reversed and the cause remanded for trial, against that defendant.

Appellant's first point, urging that the evidence failed to show that the insurance policy covered the welding shop at Alvin, must be overruled. That is not to say that the evidence was sufficient either to show that the plaintiff was expressly covered by the policy of workmen's compensation insurance, or that defendant Aaberg intended to have the policy cover plaintiff. But the evidence established as a matter of law that Aaberg in fact became a subscriber under the Workmen's Compensation Law, and, as was stated in Employers' Indemnity Corporation v. Felter, Tex. Civ.App., 264 S.W. 137, 141 (reversed on another point):

"'If an employer becomes a subscriber he becomes a subscriber for all purposes as to all branches of one business with respect to all those in his service under any contract of hire. All the terms of the act are framed upon the basis that the employer is either wholly within or altogether outside its operation. There is no suggestion or any phrase warranting the inference that there can be a divided or partial insurance.

"'The practical administration of the act renders it highly desirable that a single rule of liability should apply throughout any single business. Otherwise difficult and troublesome questions often might arise as to liability or nonliability dependent upon classifications of employees and scope of their duties. Litigation as to the line of demarcation between those protected by the act and those not entitled to its benefits would be almost inevitable. Instead of being simple, plain, and prompt in its operation, such division of insurance would promote complications, doubts, and delays.'"

Our supreme court held the same thing in much fewer words in refusing a writ in Barron v. Standard Acc. Ins. Co., 122 Tex. 179, 180, 53 S.W.2d 769, 770, and then went on to say: "Likewise, it is equally well settled that, where an employer conducts two separate and distinct kinds of business, each business involving different risks, pay rolls, and requiring a different premium for compensation insurance, he may elect to insure a class of employees in one business and not to insure a class of employees in the other business. * * *"

It is not contended by defendant Aaberg that plaintiff was covered or intended to be covered by the terms of the policy of insurance here in question. It is his contention that he conducted but one general business or enterprise at Angleton, and elsewhere in the state of Texas; and that he conducted the same under the name of "Aaberg Truck and Tractor Company". We understand that the following evidence is undisputed:

That when Aaberg first took out workmen's compensation insurance he had only

one business location, and that was in Angelton, and the policy so taken out covered Aaberg's entire business, which was located in Angelton, and at a single location in Angelton. The business consisted of a farm equipment dealership, which included the sale and general repair of trucks and tractors and the handling of repair parts and equipment, and included a welding shop in which mechanics and welders were employed. Later defendant Aaberg opened up business in Alvin. At first the business conducted in Alvin did not include a welding shop, and was carried on from a location in downtown Alvin. In the fall of 1945, Aaberg set up a welding shop in Alvin, but at a location different from the sales and parts location. The location at which he placed the welding shop was upon land that he owned at the outskirts of Alvin. Aaberg testified that it was his intention to erect his sales and parts house upon the said location which he owned in Alvin, at the outskirts of Alvin. Among his motives for so doing was the problem of finding parking space at the downtown location.

When Aaberg opened up his business in Alvin, and before he started the welding shop in Alvin, he covered, by a single workmen's compensation policy, his business located both in Angleton and in Alvin (i. e., elsewhere in the State of Texas). He reported the pay roles both with respect to the sales and parts employees working in Angleton, and with respect to the employees working in his welding shop in Angleton, and with respect to his employees working in the sales and parts building located in downtown Alvin.

It was in the latter part of 1945 that Aaberg opened his welding shop in Alvin. Mr. Passmore had been working for Aaberg in his welding shop in Angleton, before he opened his welding shop in Alvin. The arrangement between Aaberg and Passmore for operating the welding shop at Alvin was this. It was contemplated, but not required, that Passmore would do all the work at the welding shop in Alvin. And it was agreed that Passmore would furnish all hand tools and labor; that

Aaberg would furnish all other equipment, the building and materials; that Aaberg was to receive all of the materials charge for each job performed in the Alvin shop, and one-half the labor-charge; that Passmore would receive the other half of the labor-charge. It is customary for a mechanic to furnish his hand tools.

However, if Passmore was not able to do all the work at the Alvin shop in person, he was free to employ such labor as he pleased, upon such terms as he pleased, so long as he honored his agreement with Aaberg, including giving Aaberg one-half the labor charge.—Daily tickets were sent to Angleton, where Aaberg had the books kept, both from the sales and parts operations in Alvin, and from the welding shop in Alvin. The business, both as regards the sales and parts operations and the welding shop operations conducted in Alvin, was conducted the same as the corresponding business was conducted in Angleton except that, in Alvin, a Mr. McKinney was in immediate charge of the sales and parts operations, and the said Passmore was in charge of the welding shop operations. Whereas Aaberg was in immediate charge of all of such operations in Angleton. The entire business belonged to Aaberg. The bills sent out with respect to any of the operations, bore the following heading:

"Aaberg
Truck And Tractor Company
Welding Dept.

McCormick-Deering
Farm Machines and      International
Implements
Angleton, Texas      Alvin, Texas
Phone 563      Phone 582"

With respect to the work which was done on credit, Passmore did not wait until it was paid for, but received his compensation as soon as the tickets on the job showed that the job was completed. Whatever losses were suffered were borne exclusively by Aaberg. There was other evidence tending further to show that the Alvin and the Angleton operations were integrated so as to constitute one general business or enterprise.

By its terms, the policy of insurance covered all of the business done by employees of the Aaberg Truck and Tractor Company, except Passmore and plaintiff. That is to say, Aaberg reported the pay rolls with respect to all operations except those of the welding shop in Alvin, and estimated the amounts, and subsequently, at the close of the yearly periods, these amounts were adjusted after the books of the Aaberg Truck and Tractor Company were audited by defendant Hartford. Aaberg didn't report the pay roll covering the Alvin welding shop because he supposed that Passmore was not his employee, but an independent contractor. At the time plaintiff was injured, Aaberg had some 14 or 15 employees as shown by the pay rolls he reported, including all operations both in Angleton and Alvin, except those of the Alvin welding shop, i. e., except Passmore and plaintiff.

The policy of insurance here in question gave the name of the employer as "Q. J. Aaberg, d/b/a Aaberg Truck and Tractor Company"; and the post office address as Angleton, Brazoria County, Texas. Item 3 of the policy reads:

"All business operations, including the operation management and superintendence thereof, conducted at or from the locations and premises defined above as declared in each instance by a disclosure of estimated remuneration of employees under such of the following divisions as are undertaken by this Employer:

"1. All industrial operations upon the premises. 2. All office forces. 3. All repairs or alterations to the premises. 4. Specially rated operations on the premises. 5. Operations not on the premises."

The fact that Aaberg did not report the estimated remuneration of employees in the Alvin welding shop (i. e., Passmore and plaintiff) is, of course, not conclusive of whether they were covered by the policy and entitled to benefits under the Workmen's Compensation Act. But, as we have seen to the contrary, the question of coverage is determined in favor of the employee, even against the will of the employer if the employer has covered some of his employees, and his business is one general business or enterprise. We need not decide whether the evidence compelled the conclusion that the welding shop at Alvin formed merely a part of Aaberg's general single business. But the evidence was certainly sufficient to support such conclusion, and defendant Hartford raised such issue by its pleadings, and had a jury trial thereon.

By its second point defendant Hartford insists that the court was without jurisdiction to try the compensation suit because plaintiff, so Hartford insists, did not file the compensation suit within twenty days after notice of dissatisfaction with the Industrial Accident Board decision appealed from.

After plaintiff had filed his aforesaid suit for common law damages on September 4, 1946, he filed a claim before the Industrial Accident Board for workmen's compensation benefits. On January 17, 1947, the Board entered an order purporting to award certain benefits to plaintiff. Plaintiff gave notice of dissatisfaction with the Board's said order of January 17, 1947, which notice was filed with the Board on January 27, 1947. On January 30, 1947, the Board advised the parties that the cause would be set for hearing on February 18, 1947, on the question of the review of the Board's award of January 17, 1947. On March 13, 1947, the Board entered an order ruling that it was without jurisdiction of the claim because of plaintiff's suit for common law damages. Plaintiff again gave notice of dissatisfaction, this notice of dissatisfaction applied of course to the Board's order of March 13, which last notice of dissatisfaction was filed by the Board on March 26, 1947.

Then on April 2, plaintiff filed his original petition in the compensation suit (i. e. cause No. 30670), and he alleged therein that the Board had entered its order of January 17, 1947, awarding certain benefits to plaintiff, and further alleged his filing of notice of appeal therefrom. Plaintiff did not allege the subsequent action of the Board. Then, on May 9, 1947, plaintiff filed his first amended original petition to

which were attached copies of the Board's order of January 17, its letter of January 30, 1947, its order of March 13, plaintiff's notice of appeal from the order of March 13, and the letter acknowledging that said notice of appeal was filed on March 26. In plaintiff's said first amended original petition, he alleged that his allegation in his original petition that his appeal was from the Board's award of January 17, 1947, was a typographical error, and that said order was not final and was not appealable; that plaintiff had intended instead to allege that the Board's final award was dated March 13, and that it was from said order that plaintiff was appealing. And plaintiff alleged in his said first amended original petition that he in fact appealed from the award of the Board of March 13, 1947, within the time and manner provided by law.

Art. 8307, Sec. 5 of the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8307, § 5, provides that a party who is unwilling to abide by the final ruling and decision of the Board shall file notice with the Board within twenty days that he will not abide by such decision, and must, within twenty days after giving such notice, "bring suit in the county where the injury occurred to set aside said final ruling and decision * * *. Whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this law. * * * If any party to such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto; * * *." Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084, is doubtless the leading case holding that the rights and liability given and imposed by the Workmen's Compensation Act are purely statutory, and that the provisions of the act are mandatory, and that in order to show jurisdiction by the first and all succeeding statutory agenies, it must be alleged and proved that the requirements of the Act have been complied with.

The district court is not a court of error under the Workmen's Compensation Act. It does not revise the proceedings which were had before the Industrial Accident Board, but the trial in the district court is de novo. So far as the jurisdiction of the district court to conduct a de novo trial is concerned, it is immaterial whether the ruling of the Board with which one of the parties is dissatisfied is misdescribed in the petition filed in the district court. All that is required to invoke the jurisdiction of the district court is to follow the statutory requirements seasonably. Assuming for the present that the Board's order of March 13, 1947, was one from which plaintiff had the right to express dissatisfaction and invoke the jurisdiction of the district court, he filed his suit seasonably and thus successfully invoked the court's jurisdiction. Since the court had acquired jurisdiction over the subject matter of the suit, it had jurisdiction to permit the petition to be amended to allege the truth. In other words, the district court is not concerned with whether the order appealed from was right or wrong, but is concerned with whether it has jurisdiction to conduct a trial de novo. We overrule Hartford's second point.

We overrule defendant Hartford's third point which urges that plaintiff is barred from recovering workmen's compensation benefits because of his election to sue defendant Aaberg and Passmore to recover damages from them for common law negligences. It is true of course that an employee may, by electing to sue a negligent third party, bar his rights to recover compensation benefits from the insurance carrier which carried the insurance for his employer. Art. 8307, Section 6a; Texas Employers' Insurance Association v. Brandon, 126 Tex. 636, 89 S.W.2d 982; Hart v. Traders and General Insurance Company, 144 Tex. 146, 189 S.W.2d 493. Under the said section 6a, the insurance carrier is granted the valuable right of being subrogated to the common law action of the employee against a negligent third party, and to recover from such negligent third party to the extent of its liability to the

employee. Therefore, if the employee by an election of remedies himself proceeds against the negligent third party, and so defeats such right of subrogation on the part of the insurance carrier, he is barred from proceeding against the insurance carrier. It is obvious that plaintiff here recognized that either his employer was covered by compensation insurance, in which event he could recover only against defendant Hartford, or that he was not covered by compensation insurance, in which case his only remedy was against his employers upon their common law liability. See Poe v. Continental Oil & Cotton Co., Tex.Com. App., 231 S.W. 717; Bridwell v. Bernard, Tex.Civ.App., 159 S.W.2d 981. But under the facts of this case, neither Aaberg or Passmore were related to plaintiff as a third party. The question of liability of a third party is simply not in this case.

By its points 4 and 5, defendant Hartford urges that the court erred in ordering the consolidation of Causes Nos. 30,434 and 30,670, and committed error prejudicial to defendant Hartford in declining said defendant's motion to exclude defendant Aaberg from the trial of the consolidated causes. We overrule the points. It is the general policy of the law to avoid where possible, with justice, a multiplicity of suits. Under Rules 41 and 174, Texas Rule Civil Procedure, the court has amply powers expressly recognized or conferred to consolidate suits in proper cases, subject to review for abuse of discretion. Here, through no fault of his, plaintiff was unable to know whether his remedy was limited to workmen's compensation benefits or whether he was relegated to his suit for common law damages until such fact should be judicially determined. In Southern Casualty Co. v. Freeman, Tex.Com.App., 24 S.W.2d 370, as here, the insurance carrier denied coverage, and the workman sued the insurance carrier and his employer for recovery in the alternative. It would have been the better practice had plaintiff, when the causes were consolidated, amended his petition and made his suit in the alternative. But in the nature of things, plaintiff's remedies were alternative. He could have no recovery in his common law suit, if and when it was judicially determined that he was covered by workmen's compensation insurance.

By its point 6, defendant Hartford urges that the district court was without jurisdiction because the order of March 13, 1948, was an order of dismissal, and did not pass upon the amount of compensation, if any, to which plaintiff was entitled. We must sustain this point.

The order of the Board of March 13 was as follows: "That O. L. Christensen having elected to proceed against a partnership, composed of Quinton Aaberg and Rueben Aaberg, at common law this Board is without jurisdiction. Therefore said claim is dismissed from the docket of this Board without further action."

It is well settled that the Board has the exclusive original jurisdiction to hear and determine claims arising under the provisions of the Workmen's Compensation Act, including questions of fact necessary to confer jurisdiction on the Board, as well as the merits of the claim presented. Coffey v. Management Company, Tex.Civ. App., 121 S.W.2d 377, 380, writ refused. The fact that plaintiff exercised his right to preserve his rights at common law, in case it were judicially determine that he was not covered by compensation insurance, could not deprive the Board of its exclusive original jurisdiction to pass upon the claim. The Board was in error in failing to proceeding to the award.

However, the order was a final one in the sense that it was necessary for the plaintiff to have relief therefrom. But "A court has no jurisdiction to pass upon a claim for compensation unless its jurisdiction is invoked by an appeal from the order of the Industrial Accident Board either awarding or denying compensation." Commercial Casualty Ins. Co. v. Hilton, 126 Tex. 497, 501, 502, 87 S.W.2d 1081, 1083, 89 S.W.2d 1116. In Tally v. Texas Employers' Insurance Ass'n, 129 Tex. 134, 137, 102 S.W.2d 180, 181, it was held: "(2) The courts of this state, in compensation

cases, are not clothed with jurisdiction to determine the amount of compensation to be awarded an injured employee until such issue has been first passed on by the board."

We must therefore vacate the judgment fixing and awarding the amount of the award, and remand the claim of the Board for such determination.

The judgment is reversed, the cause remanded, and the claim is remanded for determination of the amount of the award, if any, by the Board.

Reversed and remanded.