GIBRALTAR SAVINGS ASSOCIATION
et al, Appellants,

v.

Robert Dennis TURNBOUGH et al,
Appellees.

No. 17654.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Oct. 23, 1980.

Rehearing Denied Nov. 27, 1980.

Simms & Harpole, John W. Berkel, Hudgins, Hudgins, Sturm & Warrick, Michael E. Warrick, Donald Hudgins, Houston, for appellants.

Doherty, Vela, Poser, Sears & Collins, Larry Doherty, Weitinger, Steelhammer & Tucker, Jack W. Tucker, Jr., Houston, for appellees.

Before WARREN, PEDEN and EVANS, JJ.

WARREN, Justice.

This is an appeal from an order overruling appellants' pleas of privilege.

On March 1, 1978, appellee, Robert Dennis Turnbough was employed as a framer at a housing development in Ft. Bend County, known as Quail Run. At the end of the working day he went into a portable rest room facility. As a prank, one John Aitkins fired a shotgun at the top of the "port-a-can". Some of the pellets struck young Turnbough in the head, causing serious injury. A workers' compensation claim was filed against United Pacific Insurance Company, the carrier for Johnson-Loggins, Inc. United Pacific filed an appeal in the district court in Ft. Bend County from an award of the Industrial Accident Board which granted benefits to Turnbough. In its suit, United Pacific joined Hermann Hospital and Gibraltar Savings Association as defendants. Turnbough and Hermann Hospital then filed a cross action against Gibraltar and Johnson-Loggins. There are two causes of action arising out of the injury to Turnbough: the action for Workers' Compensation and an action by Turnbough against Johnson-Loggins and Gibraltar Savings under Section 12g, Vernon's Ann.Civ. Stat., art. 8306, alleging that premiums for workers' compensation were withheld from his wages in violation of the statute, which would entitle him to bring an action for his damages independent of those which might be due him under the Workers' Compensation statutes. All parties and all non-parties who possibly could be a determining factor in deciding these pleas of privilege are residents of Harris County except Robert Turnbough, who lives in Ft. Bend Coun-

ty. There is no question as to the right of United Pacific to file its appeal from the award of the Industrial Accident Board in the county of the worker's residence. Art. 8307, § 5, Tex.Rev.Civ.Stat.Ann.

Our questions in this appeal are twofold: (1) whether it is proper to join third party defendants in a suit to contest the award of the Industrial Accident Board, where these parties might otherwise be liable to the worker for injuries arising from the accident made the basis of the award, and, (2) whether the proper venue as to these third parties is governed by art. 8307 § 5, pertaining to Workers' Compensation actions or by art. 1995, V.A.C.S.

In *Southern Casualty Company v. Freeman*, 24 S.W.2d 370, (Tex.Com.App., 1930, judgm. adopted), the court held that it is permissible to join such parties in one suit, if "in their main aspects the same evidence will solve questions of liability as to each or both." However, in *Kirby Petroleum Co. v. Jones*, 383 S.W.2d 610, (Tex.Civ.App.—Tyler 1964, writ. ref. n. r. e.) the court held that joinder of the employer and the compensation insurance carrier was improper in a wrongful death action of an employee because the measure of damages and the defendants were different and that trying the two causes together would not only result in confusion, but would be prejudicial because the fact of their insurance coverage would be present throughout the case. Neither of these cases contained venue questions, so even if joinder is assumed to be proper there is no authority to prohibit a third party from asserting its venue rights. We therefore hold that as to these third parties venue is not mandatory under art. 8307, § 5, but is controlled by the general venue statute, art. 1995.

The controverting affidavits of appellees have, in addition to the contention that venue is fixed under art. 8307, § 5, alleged that they are entitled to maintain venue under subdivisions 4, 5, 9a, 23 and 29a of art. 1995.

These exceptions are discussed in the opinion published in cause 17655 and need not be repeated here. It is sufficient to state that the evidence presented in the trial court pertaining to these exceptions does not support appellees' position that venue as to Gibraltar and Johnson-Loggins should lie in Ft. Bend County.

The order overruling the pleas of privilege of Gibraltar Savings Association and Johnson-Loggins, Inc. is reversed and the cause as it pertains to these defendants is ordered transferred to Harris County.