J. H. HART v. TRADERS AND GENERAL INSURANCE COMPANY.

No. A-534. Decided July 11, 1945.
Rehearing overruled Qcober 10, 1945.
(189 S. W., 2d Series, 493.)

*Lee J. Taylor* and *Will R. Saunders,* both of Dallas for petitioner.

Since petitioner, Hart pleaded, and the evidence indisputably shows, that Dallas-Nash Company, Incorporated, had the right to, and in fact did, exercise control over the work of petitioner and those assisting him in the building of .the fence in question, the Court of Civil Appeals erred in holding petitioner to be an independent contractor. Nesmith v. Magnolia Pet. Co. 82 S. W. (2d) 721; Stowell v. Texas Emp. Ins. Assn., 259 S. W. 311; Gulf Refining Co. v. Jackson, 250 S. W. 1080.

Since respondent wholly failed to allege or prove any facts creating an existing liability against the Interstate Material Company or other third parties, entitle it or them to the right of subrogation, the trial court erred in holding that the purported release was a bar to petitioner's right to recover com-

pensation insurance, and the Court of Civil Appeals erred in affirming that judgment. Same authorities.

*John W. Miller, Lightfoot & Robertson* and *Dan P. Johnston,* all of Dallas for respondent.

In answer to the proposition that the purported release executed by Hart to Hollis for the Interstate Material Company was a bar to his right to recover compensation insurance respondent cited: Traders & Gen. Ins. Co. v. West Texas Utilities Co., 140 Texas 57; 165 S. W. (2d) 713; Texas Emp. Ins. Assn. v. Brandon, 126 Texas 636, 89 S. W. (2d) 982; Ocean Acc. & Guar. Co. v. Cooper, 294 S. W. 248.

MR. JUDGE SLATTON, of the Commission of Appeals, delivered the opinion for the Court.

J. H. Hart was employed by the manager of Dallas-Nash Company, Inc., to build a fence. The material was purchased from Interstate Materials Company, and while Hart was cutting the material with which to build the fence on the premises of the Interstate Materials Company there was an accident, resulting in an injury to Hart's eye. The Traders & General Insurance Company was the insurance carrier of the Dallas Nash Company, Inc., and thereafter made a compromise settlement agreement with Hart and paid him the sum of $175.00. This suit is to set aside that compromise settlement agreement and to recover compensation for a specific injury for the loss of an eye. In Hart's pleading it is shown that on the day of the accident Hart executed a release covering the same accident to J. T. Hollis· and the Interstate Materials Company and received the sum of $50.00. A trial before a jury resulted in a peremptory instruction by the trial court of a verdict in favor of the insurance carrier. The trial court's judgment was affirmed by the Dallas Court of Civil Appeals. 185 S. W. (2d) 605. This court granted Hart's application for writ of error.

The first point questions the holding of the lower courts to the effect that at the time of receiving his injury Hart was an independent contractor and not an employee of the insured, Dallas Nash Company, Inc., as a matter of law. Under our view of the case that the judgment of the lower courts may be sustained upon another theory, hereinafter to be stated, it is not necessary to discuss the first point.

According to the pleadings and proof, Hart executed a release in favor of J. T. Hollis and the Interstate Materials Company

"of and from any and all actions * * * claims, damages, costs, loss of services, expenses and compensation on account of any and all * * * injuries resulting * * * from an accident that occurred on or about the 31st day of January, 1941."

■ The release recites that Hart received fifty dollars in consideration for the execution and delivery of the release. The parties to the release, aside from Hart, are not parties to this suit, hence in this action the release must be accepted for what it purports to be. Texas Employers Ins. Ass'n. v. Brandon, 126 Texas 636, 89 S. W. (2d) 982.

The evidence shows that the accident covered by the release is the same accident which Hart and the respondent entered into, a compromise settlement agreement wherein Hart received from the respondent the sum of $175.00. The settlement agreement last above referred to was approved by the Industrial Accident Board. The compromise settlement agreement is sought to be set aside in this suit and Hart seeks to recover compensation under the workmen's compensation law for a specific injury to his eye as a result of the same accident which he had theretofore settled with J. T. Hollis and the Interstate Materials Company for the sum of $50.00.

■ We are of the opinion that so long as the release which Hart executed to J. H. Hollis and Interstate Materials Company is valid and outstanding he cannot recover compensation under the compensation law for injuries received as a result of the same accident. Employers' Indemnity Co. v. v. Felter, 277 S. W. 376; Brandon case, supra. The decision is based upon the principle that a release is a bar to any right of action growing out of the matter discharged. Chouquette v. McCarthy et al., 56 S. W. 956, (writ refused). It conclusively estops the releasor from making further efforts to enforce the claim released. McClure v. Fall, et al, (Com. App.) 67 S. W. (2d) 231.

It was definitely ruled in the Felter case (277 S. W. 376) that an election to proceed against the insurer for compensation does not altogether bar an action by the employee for damages against a negligent third person but "an election to proceed at law against such person is a bar to the employee's right to compensation." Brandon case, supra. It was pointedly held in the Brandon case that "an absolute release binds as effectively as a prior judgment."

■ Hart had the right to proceed under the compensation law, and if shown to be an employee of the Dallas-Nash Company,

Inc., to collect workmen's compensation. He also had the right to proceed against a negligent third person as at common law, but if he elected to pursue the latter course he could not thereafter recover compensation. These rights are fixed by the statute, Article 8307, Sec. 6a.

■ The respondent insurer, in the event it had to pay Hart compensation, is given the statutory right of subrogation against a negligent third person to the extent of the amount of compensation it had to pay. Traders & General Ins. Co. v. West Texas Utilities Co., 140 Texas 57, 165 S. W. (2d) 713. It is clear, therefore, that the release which Hart executed and delivered to Hollis et al, could be successfully pleaded in bar of a cause of action against a person not a party to the insurance arrangement (Hanson v. Ponder, 300 S. W. 35) and under facts shown here could be successfully pleaded in bar of a suit for subrogation. It follows that such release estops Hart to thereafter claim compensation from the insurance carrier.

Hart relies on the cases of Stowell v. Texas Employers Ins. Ass'n., 259 S. W. 311, and Gulf Refining Co. v. Jackson, 250 S. W. 1080. It is sufficient to say that neither has the approval of the Supreme Court. The cases upon which we base our decision have the approval of the Supreme Court and for that reason must be considered authoritative.

The petitioner contends that respondent failed to allege and prove facts creating an existing liability against the parties in whose favor the release operates and thereby failed to show its right of subrogation, hence the release should not bar petitioner's right to recover compensation. This contention is overruled. The release having been executd and delivered before any proceeding was had in an attempt to recover compensation, and being broad enough to bar any suit thereafter to be instituted seeking to recover damages as against a person not a party to the insurance agreement, it must be held that "the release binds as effectually as a prior judgment."

The judgment of the Court of Civil Appeals, which affirmed the judgment of the trial court, is affirmed.

Opinion adopted by the Supreme Court July 11, 1945.

Rehearing overruled October 10, 1945.