## FORT WORTH LLOYDS v. ESSLEY.

### No. 12234.

Court of Civil Appeals of Texas.
Galveston.

Dec. 21, 1950.

Rehearing Denied Jan. 18, 1951.

Kemper, Wilson & Schmidt, and W. L. Kemper, of Houston, for appellant.

Helm & Jones, Shirley M. Helm and Albert P. Jones, all of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal in a workman's compensation suit brought by appellee in the District Court of Fort Bend County for recovery from appellant of compensation for accidental bodily injuries alleged to have been sustained by him in the course of his employment with the S. P. Braud Conveyer Service. The S. P. Braud Conveyer Service carried compensation insurance with appellant.

Appellant, in the trial court, answered by general denial and by special exceptions. It specially plead that, prior to the time this action was filed with the Industrial Accident Board, appellee had filed a suit against the Imperial Sugar Company in the District Court of Harris County for damages wherein he had alleged facts and circumstances creating a legal liability on appellant to pay damages in respect to the injury for which recovery is sought in this suit; that action was still pending, and that by the filing of such action by appellee, appellant had been deprived as insurer, within the meaning of the statute, of the valuable right to sue such third party for damages thereunder and to, thereby, recoup any amount of compensation it might legally be called upon to pay. Appellant alleged that because of these facts appellee was barred from claiming compensation in this action.

A jury found in answer to special issues submitted that appellee had received the injury complained of, that it was accidental and was sustained in the course of his employment with the S. P. Braud Conveyer Service and was the producing cause of his disability. It found that hardship would result if compensation was not paid in a lump sum. Judgment was rendered by the trial court awarding appellee benefits at the maximum compensation rate for total permanent disability in a lump sum.

The cause is presented to this Court for review upon an agreed statement of facts, made in compliance with Rule 378, Texas Rules of Civil Procedure, in which it was stipulated that a suit had been filed by appellee against the Imperial Sugar Company in the District Court of Harris County. A copy of the petition in said suit which is annexed to the pre-trial stipulation reflects that appellee alleged circumstances creating a liability at common law against said company as a tort feasor to pay damages of $75,000 for the same injury for which recovery of compensation is sought in this action.

Appellant had filed and served appellee's attorney of record with two motions for summary judgment under Rule 166-A, T.R.C.P., which had been overruled by the trial court.

The only question presented in this appeal is whether, under the Workmen's Compensation Law, appellee was barred under Sec. 6a of Art. 8307 of the Revised Statutes, from claiming or recovering any compensation in this suit by his action in having, through his attorneys, instituted and continued to maintain, a separate suit against the Imperial Sugar Company in the District Court of Harris County wherein, as plaintiff, he alleged circumstances creating a liability at common law against such company as a tort feasor, to pay damages for the same injury for which recovery of compensation is sought by him in this compensation case; and whether his action in filing his suit against the Imperial Sugar Company constituted an election to proceed against a person other than his employer under the provisions of Sec. 6a of said Art. 8307.

Appellant relies for appeal upon four points of assigned error, each of which rests for its legal basis upon the sole question of law presented in the appeal.

On October 18, 1949, the Industrial Accident Board entered an order holding in effect that appellee, A. E. Essley, had elected to proceed against a third party for damages under Sec. 6a, Art. 8307, and by said election was precluded from claiming compensation for the injuries here complained of and dismissed said claim from the Docket of cases set by the Board.

Appellee appealed from this ruling to the District Court of Fort Bend County and upon a trial before a jury he was awarded judgment of compensation at the maximum compensation rate for total, permanent disability.

Sec. 6a, of Art. 8307, Vernon's Annotated Civil Statutes, reads: "Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employe may at his op-

tion proceed either at law against that person to recover damages *or* against the association for compensation under this law, *but not against both,* and if he *elects to* proceed at law against the person other than the subscriber, *then* he shall not *be entitled* to compensation *under* this law. If compensation be claimed under this law by the injured employe or his legal beneficiaries, then *the association* shall be subrogated to the rights of the injured employe in so far as may be necessary and *may enforce* in the name of the injured employe or of his legal beneficiaries or in its own name and for the joint use and benefit of said employe or beneficiaries and the association the *liability of said other person,* and in case the association recovers a sum greater than that paid or assumed by the association to the employe or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employe or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employe or his beneficiaries and the approval of the board, upon a hearing thereof." (Emphasis ours.)

In the case of Texas Employers Ins. Ass'n v. Brandon, 126 Tex. 636, 89 S.W.2d 982, 983, the Commission of Appeals in its opinion said " 'In that section it is declared that original election "to proceed at law against" a person not a party to the insurance arrangement shall cut off the right to "compensation under this law," but there is no comparable declaration about the effect of an original claim of compensation.' "

The principles announced in the Brandon case were re-stated by the Supreme Court in the case of Hart v. Traders & General Ins. Co., 144 Tex. 146, 189 S.W.2d 493, 494, wherein the Court said "It was definitely ruled in the Employers Indemnity Corp. v. Felter case, Tex.Com.App., 277 S.W. 376, that an election to proceed against the insurer for compensation does not altogether bar an action by the em-

ployee for damages * * * but 'an election to proceed at law * * * is a bar to the employee's right to compensation.' * * * Hart had the right to proceed under the compensation law, and if shown to be an employee * * * to collect workmen's compensation. He also had the right to proceed against a negligent third person as at common law, but if he elected to pursue the latter course he could not there after recover compensation. These rights are fixed by the statute, Art. 8307, § 6a."

In the case of Hartford Accident & Indemnity Co. v. Christensen, Tex.Civ. App., 223 S.W.2d 45, this Court, speaking through Justice Cody under a state of facts similar in many respects to those in the instant case held that an employee may by electing to sue a negligent third party, bar his rights to recover compensation benefits from the insurance carrier which carried the insurance for his employer under Art. 8307, Sec. 6a.

Decisions from other jurisdictions dealing with the question involved in this appeal, with few exceptions, follow substantially the same line of reasoning adopted by our courts.

In the case of Noto v. Acme Truck Sales & Service Co., 270 Mich. 394, 259 N.W. 300, 301, the Supreme Court of Michigan, construing the provision in the Michigan Act, which is identical with Art. 8307, Sec. 6a, also found it not materially different from the corresponding provision of the Massachusetts Act with respect to which it pointed out that "The Supreme Court of Massachusetts has held that bringing the suit at law against the wrongdoer *constitutes* election and *bars* subsequent proceedings for an award under the Compensation Act." Adopting the same construction, the Michigan court held also that because in the third-party suit, the insurer is *not a party* to and has *no control* over such suit at law, "determination of whether there has been an election by *bringing* the suit at law is controlled by the rules applicable to suits at law" under which "resort to one of two inconsistent remedies constitutes an election." Upon *this* basis, the Court expressly overruled the

contention which the appellees there also had advanced, that "there is no election to proceed at law, unless the employee or his personal representative proceeds to judgment in a suit against the wrongdoer." (Emphasis ours.) The Michigan Court further held that

"The Workmen's Compensation Law expressly provides that the injured employee or his dependents may exercise the option of proceeding at law against the wrongdoer to recover damages, or, on the other hand, a proceeding for compensation may be instituted against the employer, 'but not against both.'

" 'One may not take contradictory positions in asserting a right in court, if the assertion of plaintiff's right in the first case involved a negation of the right as claimed in the second case.' Washburn v. Peck, 245 Mich. 351, 352, 22 N.W. 768."

From a careful reading of Sec. 6a of said Art. 8307 it is, we think, apparent that this statute does not admit of judicial construction. Its provisions wherein it states in unmistakable terms that an injured employee may, at his option, proceed either at law against his employer for damages or against a compensation carrier for compensation thereunder and that if he elects to proceed at law against a person other than the subscriber he is not entitled to compensation under that law are plain and mandatory and the courts of other jurisdictions have so held in the authorities above cited.

It follows that under the above authorities the judgment of the trial court must be reversed and that judgment be here rendered in favor of appellant.

On Appellee's Motion for Rehearing.

In appellee's motion for a rehearing and appellant's answer thereto our attention has been called to several recitations of fact in our opinion which are out of harmony with the facts stipulated by the parties. These recitations have been corrected. However, they in no way affect the final determination of this cause as embodied in our former opinion.

Appellee's motion for rehearing is refused.