## TRINITY UNIVERSAL INS. CO. et al.
## v. SOLIZ.
### No. 12421.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 17, 1952.

Rehearing Denied Oct. 15, 1952.

Lewright, Dyer, Sorrell & Redford, Tom Lorance, Jr., Corpus Christi, for appellant.

Lon D. Herbert, Alice, Luther E. Jones, Jr., Corpus Christi, for appellee.

NORVELL, Justice.

This is a plea of privilege case involving exceptions 7 and 29a of Article 1995, Vernon's Ann.Civ.Stats.

The appellee, Bruno Soliz, brought this suit to cancel a release executed by him on June 10, 1948, because of alleged fraudulent representations made to him by Rudy Greer, an agent and employee of appellant Trinity Universal Insurance Company.

It appears that Soliz was unable to speak the English language. An interpreter was used both in his conversation with Greer and his giving of testimony upon the hearing below. Soliz suffered a fracture of both legs near the ankles in a truck collision. He testified that Greer talked to him while he was in the hospital with his legs in plaster casts. Greer told him that the doctor said he would be well in three months; that he (Greer) knew several cases like his and assured him he would be well in three months, and he signed the release for a consideration of $778.05 because he relied upon what Greer told him and "believed that he was telling me the truth." There is evidence in the record indicating that Soliz is totally and permanently disabled.

■ We hold that the evidence is sufficient to support the trial judge's implied findings that the representations made by Greer to Soliz related to facts and were not mere statements of opinion; that such statements were false, and were relied upon by Soliz in executing the instrument. This holding is supported by the decision of this Court in Duncan v. Texas Employers' Ins. Ass'n, 105 S.W.2d 403, which was followed and cited with approval by the Beaumont Court of Civil Appeals in Texas State Highway Department v. Kinsler, 230 S.W. 2d 364.

Appellants "submit that the Duncan decision is wrong, and that the true rule in Texas is as stated in Texas Midland Railroad Co. v. Wilson, Tex.Civ.App., 263 S.W. 1109." We believe the two cases may be distinguished upon the facts, but, however that may be, we decline to overrule the Duncan decision. To our minds, it is a well-considered case and should be followed as a precedent of this Court.

■ We hold that under exception 7 of Article 1995 venue of this suit as against the Trinity Universal Insurance Company may be maintained in Jim Wells County, where the fraudulent representations were made.

■ We are also of the opinion that venue as to the other defendants is maintainable in Jim Wells County under the provisions of exception 29a, operating in connection with exception 7. Trinity Universal Insurance Co. v. Soliz, Tex.Civ.App., 241 S.W.2d 625. No special discussion of the situation as to the various appellants is deemed necessary except as to Texas Employers' Insurance Association, which has filed a separate brief herein. Texas Employers' Insurance Association was the workmen's compensation insurance carrier for the employer of Soliz at the time he was injured in a collision with a truck owned by appellants Thomas and Ratliff. (Trinity Universal Insurance Company apparently was the public liability insurance carrier for Thomas and Ratliff.) Soliz filed a claim for workmen's compensation with the Industrial Accident Board, which was abated or disallowed because of the existence of the release sought to be cancelled in this suit. While Texas Employers' Insurance Association contends that it is asserting no claim under the disputed release, such instrument until set aside is an effective bar to Soliz's prosecution of his compensation claim against the Association. Hart v. Traders & General Ins. Co., 144 Tex. 146, 189 S.W.2d 493. In order to obtain full relief upon his claim for compensation, it is necessary that the release be cancelled as against the compensation insurance carrier, which while not a party to the release is, nevertheless, in a position to claim the benefit of it. Texas Employers' Insurance Association is a "necessary party" to the suit as that term is used in exception 29a of Article 1995. Pioneer Building and Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284; Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 775.

■ Other contentions are raised by Texas Employers' Insurance Association. It is asserted that Soliz by failing to appeal from the order of the Industrial Accident Board rejecting his claim, because of the release involved, has waived or lost the same. In this connection, see, Commercial Casualty Insurance Co. v. Hilton, 126 Tex. 497, 87 S.W.2d 1081. It is also urged that Soliz by asserting a common law negligence action against Thomas and Ratliff has made an election which bars his compensation claim. It may be that the petition does set forth two conflicting claims which may require an election on the part of appellee; one being a common law negligence action, and the other a claim under the Workmen's Compensation Act. Article 8307, § 6a, Vernon's Ann.Civ.Stats.; Ft. Worth Lloyds v. Essley, Tex.Civ.App., 235 S.W.2d 700, err. ref., but it is not the purpose of a venue hearing to determine whether or not a defendant has a good defense to a plaintiff's claim. An inquiry into the validity of affirmative defenses such as waiver, estoppel or election, is not pertinent to a plea of privilege hearing. Martin v. Cable, Tex. Civ.App., 140 S.W.2d 894; Lloyds Casualty Insurer v. Goin, Tex.Civ.App., 212 S.W.2d 886.

The order appealed from is affirmed.