Travis WARD, Appellant,

v.

**FAIRWAY OIL & GAS COMPANY,**
Appellee.

No. 7472.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 8, 1963.

Rehearing Denied Feb. 5, 1963.

Moore & Holland, Athens, for appellant.

Wilson, Miller, Spivey & Steger, Spruiell, Lowry, Potter, Lasater & Guinn, Tyler, for appellee.

FANNING, Justice.

This is a venue case. Appellee sued appellant in a District Court in Smith County, Texas, on a sworn account based upon a written contract performable in Smith County, Texas. Appellant filed a statutory plea of privilege to be sued in the county of his residence, Henderson County, Texas. Appellee timely filed its controverting plea alleging venue in Smith County under Subdivision 5 of Article 1995, V.A. C.S. The trial court overruled the plea of privilege and appellant has appealed.

Appellant's single contention on appeal is to the effect that under the doctrine of judicial estoppel appellee could not rely on the written contract to fix venue in Smith County, Texas. This contention is not well taken. Judicial estoppel is an affirmative defense on the merits and not a venue fact. 43 B, Tex.Jur. 365; Trinity Universal v. Soliz, Tex.Civ.App., 251 S.W. 2d 904; Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810.

Appellant did not file a sworn denial of the execution of the written contract in question. There being no sworn denial of the execution of the written contract and the same being clearly performable in Smith County, Texas, by its express terms, the trial court correctly overruled the plea of privilege. Rules 86 and 93, T.R.C.P.; Subd. 5, Art. 1995, V.A.C.S.; North Texas Tank Co. v. Pittman, Tex.Civ.App., 290 S.W.2d 724; Rudman v. Hawkins, Tex. Civ.App., 226 S.W.2d 491; Sheffield v.

Kirschmer, Tex.Civ.App., 269 S.W.2d 942; Bailey v. A. R. A. Mfg. Co., Tex.Civ.App., 285 S.W.2d 849.

The judgment of the trial court is affirmed.