Edward NASH, Appellant,

v.

**BANKERS COMMERCIAL LIFE INSURANCE COMPANY et al., Appellees.**

No. 8426.

Court of Civil Appeals of Texas, Texarkana.

Feb. 8, 1977.

William D. Cox, Jr., Bader, Wilson, Menaker, Cox & Branson, Dallas, for appellant.

G. H. Kelsoe, Jr., Kelsoe, McDonald & Ayres, Dallas, for appellee.

CORNELIUS, Justice.

Edward Nash appeals from an order which overruled his plea of privilege to be sued in the county of his residence.

Bankers Commercial Life Insurance Company sued Nash, E. V. Scott, D. G. Council, Harold Hollingsworth and Robert Cates alleging that Scott had previously embezzled funds from the company and that he had enlisted the aid of the other defendants in defrauding it of restitution which he had agreed to make. Of all the named defendants, only Scott was a resident of Dallas County where suit was filed. Each of the defendants filed a plea of privilege to be sued in the county of his residence. The pleas were overruled and no appeal was taken. Thereafter, Bankers Commercial Life filed an amended petition which included allegations that Nash and Scott had perpetrated a specific fraud upon it by means of false representations respecting an alleged second lien on some of Scott's real estate. It was alleged that Nash and Scott created a fictitious lien in favor of The Farmers & Merchants National Bank of Kaufman against Scott's property, and then by false representations induced Bankers Commercial Life to pay $22,363.41 in order to free Scott's property (which Bankers Commercial Life was acquiring in partial restitution for Scott's embezzlement) from such lien. When the amended petition was filed, Nash filed another plea of privilege. Bankers Commercial Life controverted the plea, contending that venue was maintainable against Nash in Dallas County under Subdivisions 7 and 4 of Tex. Rev.Civ.Stat.Ann. art. 1995 (1964). The plea of privilege was again overruled. In this appeal Nash contends there was no evidence or insufficient evidence to support the trial court's implied finding of the facts necessary to sustain venue in Dallas County under Subdivisions 7 and 4 of Tex.Rev.Civ. Stat.Ann. art. 1995 (1964).

Subdivision 7 of Article 1995, Tex.Rev. Civ.Stat.Ann., provides as follows:

"Fraud and defalcation.—In all cases of fraud, and in all cases of defalcation by public officers, suit may be brought in the county where the fraud was committed or where the defalcation occurred, or any of such suits may be brought where the defendant has his domicile."

To sustain venue under the quoted provision, the plaintiff in a fraud case must establish by a preponderance of the evidence (1) all the elements of an actionable fraud, including the fact that he sustained some damage; (2) that the fraud was committed by the defendant or one for whose acts he is legally responsible; and, (3) that the fraud occurred in the county where venue is sought to be maintained. 1 McDonald's, Texas Civil Practice, Sec. 4.13, pp. 465, 466. To establish the elements of a case of actionable fraud based upon misrepresentation, it must be shown that (1) a material representation was made, (2) it was false at the time it was made, (3) it was made with intent to induce the plaintiff to do or refrain from doing some act, and (4) it was relied upon by the plaintiff to his damage. 25 Tex.Jur.2d, Fraud and Deceit, Sec. 13, p. 627.

At the hearing of the plea of privilege, John Abnor, the sole shareholder and chief executive officer of Bankers Commercial Life, testified in effect that Nash, who was president of The Farmers & Merchants Bank of Kaufman, represented to him in Kaufman and later in Dallas that Scott owed that bank $22,363.41 which was secured by a second lien on some of Scott's property which Bankers Commercial Life was acquiring; that the bank was going to foreclose the lien if it was not paid; that the representations were false, as later admitted to him by Nash himself; that, acting for Bankers Commercial Life, he relied upon the representations to the point of believing that the loan had to be paid off to prevent foreclosure and in order to clear the property; and that in reliance thereon, Bankers Commercial Life, at a meeting in Dallas, paid $22,363.41 to discharge the non-existent debt, to its damage in that amount. That testimony, if believed by the trial court, was sufficient to establish all the elements of a case of actionable fraud. As the fraudulent representations were made to appellee by Nash in Dallas County and acted upon by appellee there, venue was maintainable in Dallas County under Subdivision 7, even though the preparation of the fraudulent papers or other acts in furtherance of the fraud occurred in Kaufman County. *Mack Trucks, Inc. v. Hardin*, 355 S.W.2d 795 (Tex.Civ.App. Waco 1962, no writ); *Trinity Universal Ins. Co. v. Soliz*, 251 S.W.2d 904 (Tex.Civ.App. San Antonio 1952, mand. overr.); *Thomas v. Haller*, 214 S.W.2d 683 (Tex.Civ.App. Waco 1948, no writ).

In view of the conclusions reached, it is not necessary that we discuss the applicability of Subdivision 4 or the merits of appellee's motion to dismiss.

The judgment of the trial court is affirmed.