**Mark FRANKS, Appellant,**

v.

**BROOKSHIRE BROTHERS, INC., Appellee.**

**No. 09–97–183 CV**

Court of Appeals of Texas, Beaumont.

Submitted Nov. 19, 1998.

Decided Feb. 18, 1999.

Before BURGESS, STOVER and HILL,[1] JJ.

## OPINION

JOHN HILL, Justice (Assigned).

Mark Franks appeals from a summary judgment that he take nothing in his personal injury action against his employer, Brookshire Brothers, Inc., an action resulting from an on-the-job injury. Brookshire is a non-subscriber that did not have a policy of worker's compensation insurance. In three points of error, Franks contends that the trial court erred in granting the summary judgment because: (1) a release executed by him does not apply to the injuries he sustained for which he seeks damages; (2) there is no consideration or insufficient consideration to support the release contract; and (3) there is a genuine issue of material fact regarding whether or not Brookshire breached the release by failing to pay Franks the sum of ten dollars recited on the face of the release.

We reverse and remand for trial because we hold that the summary judgment evidence shows there to be a genuine issue of material fact as to whether the release signed by Franks, releasing Brookshire from liability, is supported by consideration.

The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985).

---

1. The Honorable John Hill, sitting by assignment pursuant to Tex. Gov't Code Ann. § 74.003(b) (Vernon 1988).

According to the summary judgment evidence, on March 30, 1994, Franks injured his forearm while stacking ice at Brookshire's ice plant. Brookshire made an appointment for Franks to see Dr. J.L. Spinks, a Lufkin physician. Dr. Spinks diagnosed Franks with tendinitis, placed a brace on Franks's forearm, and gave him an excuse for light duty at work. According to Franks, he injured his shoulder around April 5, 1994, after returning to work, when he was required to lift certain items that were very heavy. He continued working briefly in his usual job as a forklift driver, but on April 12, 1994, he saw Dr. Spinks again, at which time Dr. Spinks took him off work.

Franks subsequently had surgery on his shoulder. Later, late in 1994, after receiving a release for light duty, Franks returned to work and was assigned to washing trailers on the night shift. He was told that when he received a full release he would be given his old job back.

Franks relates in his affidavit that after being released by his doctors to return to his regular duties as a forklift driver, he was told by Doug McClary, Brookshire's safety coordinator, that he must sign a form releasing Brookshire from any claims having to do with an accident while he was working or employed with Brookshire on April 11, 1994. According to Franks, he was having financial problems so that he felt that he had no choice but to sign the release so that he could return to his old job and, perhaps, to keep from being terminated by Brookshire. There is no indication that anyone ever told Franks that he would be terminated if he did not sign the release.

■ Generally, a release is a bar to any right of action growing out of the matter discharged, conclusively estopping the releasor from making further efforts to enforce the claim released. *See Hart v. Traders & General Ins. Co.*, 144 Tex. 146, 189 S.W.2d 493, 494 (1945).

■ Franks contends in point of error number one that the release, even if valid, does not apply to any injuries that he might have suffered on a date other than April 11, 1994, the date recited in the release as the date of his accident. He contends that any injury he suffered occurred on March 30, 1994 or April 5, 1994.

■ In order to release a claim, the releasing document must mention it. *See Memorial Med. Ctr. of East Tex. v. Keszler*, 943 S.W.2d 433, 434 (Tex.1997). The only claim mentioned in the release is for an accident sustained by Franks on April 11, 1994. We must therefore determine whether this reference is to the claims brought by Franks for accidents alleged to have occurred on March 30, 1994 or April 5, 1994. Prior to Franks's signing the release, Brookshire had provided medical treatment to Franks as a result of his March 30 and April 5 injuries. April 11 was approximately the last day Franks worked at his regular job of driving a forklift before Dr. Spinks took him off work as a result of those injuries. At the time the release was signed, Dr. Spinks had given Franks a full release to go back to those regular duties which he had not previously been able to do because of his injuries of either March 30 or April 5. Other than the fact that the date of April 11 appears in the release, there is no indication in the summary judgment record that Franks sustained any accident or injury on or about that date, other than those he sustained on March 30 or April 5, or that he had brought any claim or sought medical treatment from Brookshire with respect to any other accident or injury suffered on that date. Given these facts, we hold that as a matter of law the reference in the release to April 11, 1994, constituted a reference to the claims that Franks now seeks to assert. Therefore, there is no material fact issue with respect to whether Franks's claim is mentioned in the release. We overrule point of error number one.

■ Franks asserts in point of error number two that the trial court erred in granting Brookshire's motion for summary judgment because there was no consideration or inadequate consideration to support the release. He urges in point of error number three that the trial court erred in granting the summary judgment motion because he was relieved of his obligation under the release since there is a material fact issue regarding whether Brookshire breached the release by

failing to pay him ten dollars, the consideration recited in the lease. The lease also recited as consideration benefits previously paid to Franks. Franks was permitted to go back to work upon signing the release. The previously-paid benefits constituted past consideration. Such past consideration will not support a subsequent promise because "consideration" is a present exchange bargained in return for a promise. *See CRC–Evans Pipeline Int'l, Inc. v. Myers,* 927 S.W.2d 259, 265 (Tex.App.—Houston [1st Dist.] 1996, no writ). Franks presented summary judgment evidence that he was not paid the ten dollars. If in fact he was not paid the ten dollars, the release was without consideration, because his return to work would not be considered as consideration in support of the release. *See Fitts v. Panhandle & S.F. Ry. Co.,* 222 S.W. 158 (Tex. Comm.App.1920, judgm't approved). We hold that the summary judgment evidence presents a material fact issue concerning whether the release in question was supported by consideration. Therefore, the trial court erred in granting summary judgment for Brookshire.

 Brookshire maintains that we should not consider Franks's affidavit in which he said that he was not paid the ten dollars because the affidavit does not reflect that the statements are true. Brookshire asserts that an affidavit that does not positively and unqualifiedly represent that the facts are true and within the affiant's knowledge is legally insufficient and cannot serve as summary judgment evidence. Franks's affidavit states that he did not receive the ten dollars, something that would be within his personal knowledge. While the affidavit does not literally say that this statement is true, it does reflect that it was subscribed to and sworn before a notary public.

 Affidavits that do not represent that the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge are legally insufficient. *See Humphreys v. Caldwell,* 888 S.W.2d 469, 470–71 (Tex.1994). However, where the affidavit reflects that it is based on personal knowledge and it is subscribed to and sworn before a notary public, it is not defective if, when considered in its entirety, its obvious

effect is that the affiant is representing that the facts stated therein are true and correct. *See BC & S Constr., Inc. v. Action Elec. Co.,* 753 S.W.2d 841, 843 (Tex.App.—Fort Worth 1988, no writ); *Woods v. Applemack Enter., Inc.,* 729 S.W.2d 328, 330 (Tex.App.—Houston [14th Dist.] 1987, no writ). *See also Connor v. Waltrip,* 791 S.W.2d 537, 539 (Tex. App.—Dallas 1990, no writ); *Lang v. City of Nacogdoches,* 942 S.W.2d 752, 760 (Tex. App.—Tyler 1997, writ denied); and *Huckin v. Connor,* 928 S.W.2d 180, 183 (Tex.App.—Houston [14th Dist.] 1996, writ denied).

In asserting that the affidavit is insufficient, Brookshire relies upon the cases of *Rodriquez v. Texas Farmers Ins.,* 903 S.W.2d 499, 507 (Tex.App.—Amarillo 1995, writ denied) and *Humphreys v. Caldwell, supra.* We have already set forth the holding in *Humphreys* and have concluded, based upon the authorities cited, that Franks's affidavit satisfies the *Humphreys* requirement. *Rodriquez* appears to be in a minority in holding that an affidavit based upon personal knowledge, and that is "sworn to and subscribed" before a notary public, is invalid and cannot be considered as evidence for the purposes of summary judgment. *Rodriquez,* 903 S.W.2d at 505. We decline to follow that authority in favor of the authorities cited herein. Therefore, we do not agree with Brookshire's contention that we not consider Franks's affidavit as summary judgment evidence. In view of the fact that the summary judgment evidence shows there is a genuine issue of material fact as to whether there was any consideration for the release signed by Franks, we hold the trial court erred in granting summary judgment for Brookshire. We sustain points of error numbers two and three.

The judgment is REVERSED and this cause REMANDED for trial.