# IN THE SUPREME COURT OF TEXAS

═══════════════════════

No. 19-1032

═══════════════════════

IN THE MATTER OF THE MARRIAGE OF ANGELINA SANDOVAL AND ANGEL
SANDOVAL AND IN THE INTEREST OF A.M.S., A CHILD

═══════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE TENTH DISTRICT OF TEXAS

═══════════════════════════════

### PER CURIAM

This is an appeal of a no-answer default judgment in a divorce case. The husband, who defaulted, filed a motion for new trial, arguing equitable grounds under the *Craddock* standard and legal grounds regarding improper service or notice of suit. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939); *see also* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 [hereinafter Hague Service Convention]; TEX. R. CIV. P. 106. The trial court denied the new trial after sustaining a hearsay objection to husband's affidavit and other supporting documents he filed with his motion. The court of appeals affirmed the trial court's decision, but not because husband's affidavit was hearsay. Instead, the appellate court concluded that formal defects rendered the putative affidavit inadmissible as sworn testimony and that he thus possessed insufficient proof of *Craddock*'s required elements. 589 S.W.3d 267, 273–74 (Tex. App.—Waco 2019). Because the content of husband's affidavit was sufficient to satisfy the *Craddock* standard for obtaining a new trial and was not based on hearsay, and because no formal defects were raised

in the trial court (where they might have been cured), we conclude that the court of appeals erred in affirming the trial court's judgment. Accordingly, we reverse and remand to the trial court for further proceedings.

On March 24, 2016, Angelina Sandoval filed for divorce. After her husband, Angel, could not be found to effectuate personal service, Angelina filed a motion for alternative service. *See* TEX. R. CIV. P. 106(b). The trial court granted the motion, authorizing substituted service at the Fort Worth home of Angel's mother, Sauda Reyes. A return receipt reflects that Angel's mother received the citation on October 6, 2016. The trial court rendered a no-answer default judgment against Angel on January 6, 2017. Among other things, the judgment awarded Angelina the Fort Worth home where Angel's mother lived.

On January 30, 2017, Angel filed a motion for new trial, arguing equitable grounds under *Craddock* and service of process deficiencies. *See* TEX. R. CIV. P. 329b(a). Attached to his motion for new trial was Angel's affidavit, which was certified before a Mexico Notary Public. Angel also included unsworn declarations from his sister, Claudia Sanchez, and his mother.

Angel's affidavit states that he has resided at the same address in Chihuahua, Mexico, since being deported from the United States in 2012. He further states that Angelina has visited his Chihuahua home many times and that their child was conceived there. In the affidavit, Angel admits he knew Angelina wanted a divorce and "did not object to being divorced or to having the [c]ourt make orders for child support and visitation." However, Angel was unaware that Angelina was seeking the Fort Worth home, which Angel asserts was not part of their community estate. He states that he and his sister bought the house in 2007—two years before his marriage—and attached copies of his loan application, note, and deed of trust. According to the affidavit, Angel's mother

2

provided the down payment and has made all loan payments on the home. The divorce decree, however, awards the home to Angelina as part of the community property division. Claudia's unsworn declaration corroborates Angel's affidavit. Her declaration explains that she and Angel purchased the Fort Worth home in their names because of their mother's credit history and that Angel has not returned to the United States since being deported. The trial court sustained Angelina's hearsay objection to Angel's affidavit and his sister's and mother's unsworn declarations and denied Angel's motion for new trial.

A divided court of appeals affirmed. 589 S.W.3d at 271. The court concluded that the trial court did not err in rejecting Angel's affidavit and accompanying unsworn declarations, but not because they were hearsay. *Id.* at 272–74. Instead, the court reasoned that Angel's affidavit was not an "affidavit" under the Texas Rules of Evidence because Angel failed to provide a "translation for the presumed certification" evidencing that Angel swore to it before an authorized officer. *Id.* at 273 (citing TEX. GOV'T CODE § 312.011(1) (defining affidavit)); *see* TEX. R. EVID. 1009 (requirements for translating foreign language document). The court also determined that his mother's and sister's unsworn declarations were based on conclusory allegations without underlying factual support. 589 S.W.3d at 273–74 (citing *Brown v. Brown*, 145 S.W.3d 745, 751 (Tex. App.—Dallas 2004, pet. denied)). After determining that the trial court did not err in rejecting Angel's affidavit and supporting documents, the court of appeals concluded that "Angel present[ed] no excuse for failing to file an answer" and that even with his affidavit, Angel's excuse was "the epitome of conscious indifference." *Id.* at 277. Angel filed a petition for review in this Court.

A trial court's denial of a motion for new trial is reviewed for abuse of discretion. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984) (citations omitted). Under *Craddock*, though, a trial court's discretion is limited, and it must "set aside a default judgment if (1) 'the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident'; (2) 'the motion for a new trial sets up a meritorious defense'; and (3) granting the motion 'will occasion no delay or otherwise work an injury to the plaintiff.'" *Sutherland v. Spencer*, 376 S.W.3d 752, 754 (Tex. 2012) (quoting *Craddock*, 133 S.W.2d at 126). When a motion for new trial presents a question of fact upon which evidence must be heard, the trial court is obligated to hear such evidence if the facts alleged by the movant would entitle him to a new trial. *Hensley v. Salinas*, 583 S.W.2d 617, 618 (Tex. 1979) (per curiam). And when the factual allegations in a movant's affidavit are not controverted, it is sufficient if the motion and affidavit provide factual information that, if taken as true, would negate intentional or consciously indifferent conduct. *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994). If the uncontroverted factual allegations are sufficient under *Craddock*, it is an abuse of discretion to deny a motion for new trial. *Bank One, Tex., N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992).

Under *Craddock*'s first element, "some excuse, although not necessarily a good one, will suffice to show that a defendant's failure to file an answer was not because the defendant did not care." *Sutherland*, 376 S.W.3d at 755 (citation omitted). The failure to respond must arise from more than mere negligence, and the element of conscious indifference can be overcome by a reasonable explanation. *Smith v. Babcock & Wilcox Const. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam). And an excuse can be reasonable if it is based on a mistake of law that led to an

intentional act. *Bank One, Tex., N.A.*, 830 S.W.2d at 83–85 ("The *Craddock* court used the presence of a mistake to preclude the presence of an intentional act." (citation omitted)). Consistent with our preference for courts to adjudicate cases on the merits, *see Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012) (per curiam) (citation omitted), we consider the knowledge and acts of the particular defendant to determine whether a failure to answer was not intentional or the result of conscious indifference, but rather due to mistake or accident, *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (per curiam).

In his affidavit, Angel admits to knowing that his wife wanted a divorce but avers that he never received a copy of the divorce papers in Mexico. And although he was generally amenable to the divorce, custody, and support awarded in the decree, Angel states he was unaware that Angelina was seeking the Fort Worth home that he and his sister acquired for their mother prior to his marriage to Angelina.

Rather than consider Angel's uncontroverted affidavit, *see Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 82 (Tex. 1992), the trial court sustained Angelina's hearsay objection. Factual allegations set out in a movant's affidavit and motion are generally accepted as true when uncontroverted. *See Strackbein*, 671 S.W.2d at 38–39. And this, of course, includes facts within the affiant's personal knowledge when represented to be true and correct. *See Tex. Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 651 n.8 (Tex. App.—San Antonio 2002, pet. denied) (quoting *Franks v. Brookshire Bros., Inc.*, 986 S.W.2d 375, 378 (Tex. App.—Beaumont 1999, no pet.) (collecting cases)). Personal knowledge includes knowledge gained through firsthand experience or observation. *See, e.g.*, *Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 378–79 (Tex. 2019). Angel's affidavit is clearly based on his personal knowledge—it describes who purchased the Fort

Worth home, who paid for it, when it was purchased, when he married Angelina, and where he had been living since being deported in 2012. Facts within an affiant's personal knowledge are not hearsay. *See Merrill v. Carpenter*, 867 S.W.2d 65, 70 (Tex. App.—Fort Worth 1993, writ denied). Thus, the trial court erred in rejecting Angel's affidavit as hearsay and should have accepted as true its uncontroverted factual allegations for purposes of the motion for new trial. *Holt Atherton Indus., Inc.*, 835 S.W.2d at 82.

The court of appeals assumed without deciding that Angel's affidavit was not hearsay but affirmed the trial court on the ground that it could have excluded the affidavit because it was not properly sworn. 589 S.W.3d at 273. The appellate court reasoned that the affidavit was insufficient because the certification by the officer administering the oath was in Spanish and Angel provided no translation. *Id.*

An affidavit is "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." TEX. GOV'T CODE § 312.011(1). Oaths made outside the United States are valid if "administered and a certificate of fact given by . . . a notary public." *Id.* § 602.004. When providing an oath in a foreign language, the party should also tender a translated copy of the oath certificate. *See* TEX. R. EVID. 1009(a). This certification and its accompanying translated copy constitute a jurat. *Mansions in the Forest, L.P. v. Montgomery County*, 365 S.W.3d 314, 316 (Tex. 2012) (per curiam) ("A jurat is a certification by an authorized officer, stating that the writing was sworn to before the officer."). And "[w]hen a purported affidavit lacks a jurat and a litigant fails to provide extrinsic evidence to show that it was sworn to before an authorized officer, the opposing party *must* object to this error, thereby giving the litigant a chance to correct the error."

*Id.* at 317 (emphasis added). Such a problem in form, not substance, must be objected to in the trial court or else it is waived. *See id.*; *see also Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 166 (Tex. 2018) (per curiam). Angelina did not raise this issue in the trial court nor present it to the court of appeals. The appellate court therefore erred in affirming based on a formal defect that was not preserved for review. 589 S.W.3d at 273.

Moreover, Angel's affidavit provided a reasonable explanation for his failure to answer the divorce petition. *See Smith*, 913 S.W.2d at 468. Although he asserts that he was never served in the case following his deportation, Angel admits to knowing that Angelina wanted a divorce. While he had no objection to the divorce, Angel "mistakenly understood" that the divorce suit would not result in the distribution of his separate property—the Fort Worth home, which he claims is not part of the community estate. *See id.* (reinstating case because party "mistakenly understood" that continuance would be granted and did not appear at court). And had he read the divorce petition—which stated the divorce would result in a division of the community estate—he would have been none the wiser. Thus, because Angel was reasonably unaware that his separate property would be affected in the divorce, his failure to respond was not intentional or the result of conscious indifference but the result of an accident or mistake. *See In re R.R.*, 209 S.W.3d at 115.

The court of appeals suggests, however, that Angel's affidavit does not negate his conscious indifference, even if the trial court had considered it. 589 S.W.3d at 277. We disagree. Under *Craddock*, a failure to respond is not considered to be intentional or due to conscious indifference merely because it is deliberate; it must also be without adequate justification. *Smith*, 913 S.W.2d at 468. Proof of justification—accident, mistake (including some mistakes of law), or other reasonable explanation—negates intent or conscious indifference. *Id.*; *Bank One, Tex., N.A.*,

7

830 S.W.2d at 83. In other words, the fact that an inference of conscious indifference may be drawn does not foreclose the defendant from positing a reasonable excuse for his actions. *Bank One, Tex., N.A.*, 830 S.W.2d at 83. Angel provided such a reason. He reasonably understood that his separate property would not be affected by the underlying divorce and child custody proceedings. *See* TEX. FAM. CODE § 7.001 (division of community estate upon divorce). Like a defendant who does not respond to a suit because he believed the legal matter had already been resolved and did not anticipate that the legal matter would arise again, *see Ashworth v. Brzoska*, 274 S.W.3d 324, 332–33 (Tex. App.—Houston [14th Dist.] 2008, no pet.), Angel could not anticipate that Angelina would seek ownership of his separate property in the divorce proceeding, *see* TEX. FAM. CODE § 7.001. Therefore, while Angel may have intended not to respond to the divorce, his excuse is adequate to preclude a finding of conscious indifference. *See Bank One, Tex., N.A.*, 830 S.W.3d at 83.

Angel's motion and affidavit also set up a meritorious defense. Angel states that the Fort Worth home awarded to Angelina in the divorce was his separate property. Although separate property can take on characteristics of community property if community property develops it, *see Vallone v. Vallone*, 644 S.W.2d 455, 462 (Tex. 1982) (Sondock, J., dissenting), property acquired before marriage is generally not part of the community estate, *see Rivera v. Hernandez*, 441 S.W.3d 413, 425–26 (Tex. App.—El Paso 2014, pet. denied). According to Angel, the home Angelina received is neither community property nor was it developed by community funds. Instead, the home was acquired by him and his sister two years before his marriage and paid for entirely by his mother. Angel's statements regarding the character of this property are not

8

contradicted by Angelina and thus must be taken as true for purposes of the motion. *Holt Atherton Indus., Inc.*, 835 S.W.2d at 82.

Angel's motion for new trial was timely filed and urged that granting a new trial would not cause delay or injure Angelina. TEX. R. CIV. P. 329b. "[E]quitable principles guide[] the determination as to injury." *In re R.R.*, 209 S.W.3d at 116 (citation omitted). Angelina offered no evidence of harm, and allowing Angel an opportunity to establish proper ownership of the house will not upset the underlying divorce, custody, support, or division of the community assets. Thus, no evidence exists that Angelina will suffer undue delay or injury.

Accordingly, without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant Angel's petition for review, reverse the courts of appeals' judgment, and remand the case to the trial court for proceedings consistent with this opinion.[1]

Opinion Delivered: March 12, 2021

---

[1] We do not reach nor express an opinion regarding whether the alternative service authorized on a Mexican national was proper. We note, though, that the facts contained in the affidavit for the motion for substituted service suggest that Angel may have lived in the United States occasionally, but not necessarily at the time of service. Moreover, the affidavit suggests that the process server may have been aware that Angel was in Mexico at the time of service. Rule 108a of the Texas Rules of Civil Procedure provides specific methods of serving process on defendants in foreign countries. When relying on Rule 108a, "[t]he method of service of process in a foreign country must be reasonably calculated, under all the circumstances, to give actual notice of the proceedings to the defendant in time to answer and defend." TEX. R. CIV. P. 108a. Among others, the permitted methods include compliance with Rule 106(a)(1), which requires "delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition," unless the citation or court order otherwise directs. TEX. R. CIV. P. 108a(a)(3); *see* TEX. R. CIV. P. 106(a). Alternatively, Rule 108a(a)(4) allows process to be served "pursuant to the terms and provisions of any applicable international agreement," including the Hague Service Convention to which the United States and Mexico are signatories. *See Compass Bank v. Katz*, 287 F.R.D. 392, 394 (S.D. Tex. 2012). The service rules contained in the Hague Service Convention apply unless "the address of the person to be served with the document is not known." Hague Service Convention, art. 1.