# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00374-CV

### City of Pflugerville, Texas, Appellant

### v.

### 735 Henna, LLC, Appellee

---

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-001908, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING

---

## MEMORANDUM OPINION

The City of Pflugerville, Texas (the City) sued 735 Henna, LLC (Henna) for damages to compensate it for the cost of condemning property owned by Henna. The City alleged that it was forced to condemn the property because Henna had illegally subdivided a larger tract of land (the Henna Tract) that contained the condemned property. *See* Tex. Local Gov't Code § 212.018 (providing that municipality may file action to recover damages from owner of tract of land in amount adequate for municipality to undertake activity necessary to bring about compliance with requirement regarding tract established or adopted by municipality's governing body). The City filed a motion for summary judgment asserting that, as a matter of law, it was entitled to its claimed damages and attorney's fees. Henna filed a competing motion for summary judgment asserting that the City had released its claims against Henna when the parties executed a settlement agreement to resolve the separate condemnation proceeding the City had filed against Henna. The trial court denied the City's motion for

summary judgment and granted Henna's. In this appeal, the City challenges the trial court's summary-judgment rulings as well as its rulings on the City's objections to Henna's summary-judgment evidence. We will affirm.

**BACKGROUND**

In November 2017, the City petitioned a Travis County court at law to condemn a portion of the Henna Tract for roadway improvements, specifically to widen a road adjacent to the Henna Tract.[1] *See* Tex. Prop. Code § 21.012 (entity with eminent domain authority may begin condemnation proceeding to acquire real property for public use if unable to agree with owner on amount of damages). The court appointed three special commissioners to determine the value of the land that the City sought to condemn. *Id.* § 21.014. Following a hearing, the commissioners awarded Henna $365,000. The City objected to the award as excessive, and the court set the case for trial. *See id.* § 21.018 (if party files objection to findings of special commissioners, court shall cite adverse party and try case in same manner as other civil causes).

In April 2018, while the First Lawsuit was still pending, the City sued Henna, alleging that Henna had illegally subdivided the Henna Tract.[2] The City asserted that, had Henna subdivided the Henna Tract legally, Henna would have been required to dedicate to the City the property the City sought to condemn in the First Lawsuit. The City alleged that Henna "engaged in a conspiracy to illegally subdivide the property in order to maximize the price that the City would have to pay to obtain the right of way." The City brought a cause of action pursuant to Texas Local Government Code section 212.018, which provides:

---

[1] We will refer to this litigation as "the First Lawsuit."

[2] We will refer to this litigation as "the Second Lawsuit."

(a) At the request of the governing body of the municipality, the municipal attorney or any other attorney representing the municipality may file an action in a court of competent jurisdiction to:

. . . .

(2) recover damages from the owner of a tract of land in an amount adequate for the municipality to undertake any construction or other activity necessary to bring about compliance with a requirement regarding the tract and established by, or adopted by the governing body under, this subchapter.

The City sought as damages the cost of condemning the portion of the Henna Tract it needed to make the intended road improvements.

In April 2019, while both the First Lawsuit and the Second Lawsuit were pending, Henna and the City participated in a full-day mediation. Following the mediation, Henna and the City entered into a Rule 11 Agreement, which stated that the City and Henna "agree that all claims and controversies between them regarding the condemnation matter are hereby settled on this the 3rd day of April 2019 in accordance with [certain listed] terms and conditions." One of the Rule 11 Agreement's terms recited that the "agreed amount of settlement for the property at issue is Three Hundred Sixty Thousand Dollars ($360,000)." Thereafter, the court in the First Lawsuit signed an Agreed Judgment awarding Henna $360,000 in exchange for the City's receiving a fee simple title to the property it had sought to condemn. The Agreed Judgment stated that the settlement amount—an amount $5,000 less than the valuation assigned by the appointed commissioners—constituted "full compensation for the condemnation of the [portion of the Henna Tract] and any and all claims which have been made or which could have been made in this litigation or as a result of the events giving rise to this litigation."

After the Agreed Judgment was signed in the First Lawsuit, the City filed a motion for summary judgment in the Second Lawsuit asserting that, as a matter of law, it was

3

entitled to recover from Henna the full settlement amount of $360,000, along with attorneys' fees and costs, as compensation for its having to institute condemnation proceedings instead of receiving a dedication of a right of way it alleged it would have been entitled to had Henna not illegally subdivided the Henna Tract. Henna filed a cross-motion for summary judgment asserting that the City's claim for damages in the Second Lawsuit had been released by the Rule 11 Agreement and, additionally, was barred by the trial court's Agreed Judgment in the First Lawsuit based on the doctrine of res judicata. The trial court denied the City's motion for summary judgment and granted Henna's. The City then perfected this appeal.

## DISCUSSION

Under the general standard applicable to both summary-judgment motions, a party moving for traditional summary judgment must establish there is no genuine issue of material fact and he is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003). If the movant establishes its right to summary judgment, the burden shifts to the nonmovant to raise a genuine issue of material fact. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 196, 197 (Tex. 1995). When, as in this case, both parties move for summary judgment and the trial court grants one motion and denies the other, we must review both parties' summary-judgment evidence, determine all issues presented, and render the judgment that the trial court should have rendered. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). We review a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We take all evidence favorable to the nonmovant as true and indulge every reasonable inference and resolve any doubts in its favor. *Id.*

4

In five issues, the City argues that the trial court erred by granting Henna's motion for summary judgment and by denying its motion for summary judgment. The City also challenges the trial court's rulings on its and Henna's objections to evidence submitted in support of each party's motion for summary judgment. Because it is dispositive, we first consider whether the trial court properly concluded that, as part of the City's settlement of the First Lawsuit, the City released the claims it brought in the Second Lawsuit.

"In general, a release surrenders legal rights or obligations between the parties to an agreement." *Dresser Indus., Inc. v. Page Petrol., Inc.*, 853 S.W.2d 505, 508 (Tex. 1993) (citing *Cox v. Robison*, 150 S.W. 1149, 1155 (Tex. 1912). It operates to extinguish claims or causes of action between the parties and is an absolute bar to any right of action on the released matter. *See id.* (citing *Hart v. Traders & General Ins. Co.*, 189 S.W.2d 493, 494 (Tex. 1945). A release is expressly designated as an affirmative defense. *See* Tex. R. Civ. P. 94. Like any other agreement, a release is subject to the rules of construction governing contracts. *Baty v. ProTech Ins. Agency*, 63 S.W.3d 841, 848 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). When, as here, neither party has alleged that the release was induced by fraud, and, as here, the language of the release is unambiguous, the interpretation of the release is "to be decided by the court as a question of law." *Memorial Med. Ctr. of E. Tex. v. Keszler*, 943 S.W.2d 433, 434 (Tex. 1997) (per curiam).

To effectively release a claim, the releasing instrument must "mention" the claim to be released. *Victoria Bank & Tr. v. Brady*, 811 S.W.2d 931, 938 (Tex. 1991). Any claims not within the subject matter of the release are not discharged, even if those claims exist when the release is executed. *Id.* It is not necessary, however, for the parties to specifically enumerate all released claims, and the Texas Supreme Court has expressly recognized the

validity of "broad-form releases." *See Keck, Mahin & Cate v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 20 S.W.3d 692, 698 (Tex. 2000). The parties need not identify every potential cause of action relating to the subject matter of the release for that claim to be within the scope of the release. *Id.*

The Rule 11 Agreement at issue here states that "*all claims and controversies* between [Henna and the City] *regarding the condemnation matter* are hereby settled." (Emphasis added). Thus, the question before us is whether the Second Lawsuit, in which the City sought to recover the costs of condemning the section of the Henna Tract needed for its road improvement project, is a controversy between Henna and the City "regarding the condemnation matter." We conclude that it is. Moreover, the Agreed Judgment recites that the parties agreed that the amount awarded Henna pursuant to the terms of the Rule 11 Agreement constituted full compensation for "any and all claims which have been made . . . as a result of the events giving rise to" the litigation; i.e., the need for the City to condemn a portion of the Henna Tract.

The City maintains that the Rule 11 Agreement could not have released the claims made in the Second Lawsuit because those claims were already the subject of pending litigation and the Rule 11 Agreement does not specifically mention the Second Lawsuit. The City further urges that if the Rule 11 Agreement had been intended to address the claims made in the Second Lawsuit, it would have referenced the Second Lawsuit and included a requirement that that case be dismissed. But, as previously noted, the Texas Supreme Court has expressly stated that a claim need not be specifically enumerated to fall within the scope of a broad form release. *See Keck, Mahin & Cate*, 20 S.W.3d at 698. The City also asserts that the claims made in the Second Lawsuit are not within the scope of the release because the First Lawsuit was an "administrative proceeding" limited to condemnation of private property. This does not, however, serve to limit

6

the type or nature of claims released in the Rule 11 Agreement. A release is a contract and is interpreted as such, not by reference to whether a particular claim was or could have been asserted in the specific litigation the release resolves. In fact, the Texas Supreme Court has repeatedly recognized that a release may often "encompass unknown claims and damages that develop in the future." *See id.* In the present case, the Rule 11 Agreement releases any and all claims between the parties "regarding the condemnation matter," which encompasses the City's claim seeking to recover the costs of condemning Henna's property as damages in a separate lawsuit. The trial court properly concluded that the City had released the claims asserted in the Second Lawsuit and did not err by granting summary judgment in Henna's favor on that ground. Because the City's claims in the Second Lawsuit had been released, the trial court also properly denied the City's motion for summary judgment.[3]

## CONCLUSION

For the reasons stated in this opinion, we affirm the trial court's orders granting Henna's motion for summary judgment and denying the City's.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed: November 10, 2022

---

[3] Because the disposition of this appeal does not depend on any of the summary-judgment evidence the City objected to, we need not address its appellate issues challenging the trial court's rulings on its evidentiary objections.